ALABAMA & VICKSBURG RAILWAY CO. *v.* ANNA M. ODENEAL.

ACTION. *Premature institution. Statutory penalty. Railroads. Farm-crossing. Code* 1892, § 3561.

An action for a second enforcement of a statutory penalty, on the ground of a continuance of the wrong, is premature when brought on the day of the disallowance, by the supreme court, of a suggestion of error to its judgment in a prior suit establishing plaintiff's right to the penalty, no reasonable time to repair the wrong being afforded the defendant.

FROM the circuit court of the first district of Hinds county. HON. ROBERT POWELL, Judge. The opinion states the case.

*Nugent & McWillie,* for the appellant.

*Brame & Alexander,* for the appellee.

WHITFIELD, J., delivered the opinion of the court.

Not until the suggestion of error in the former case was overruled, November 4, 1895, was there a final ascertainment of the right of appellee to the farm-crossing. The agreed record stipulates that, "within a reasonable time after the suggestion of error made to this court was disallowed, the defendant met the demands of the plaintiff in respect to the crossing complained of, and constructed it according to the plaintiff's wishes;" and that the present suit was instituted on November 4, 1895—the very day the suggestion of error was disallowed. On these facts it is clear that the judgment of the court below is erroneous. The law does not require unreasonable or impossible things.

In *McDowell* v. *Railroad Co.*, 37 Barb., p. 198, it is said, in construing a statute requiring a railroad company to construct and maintain fences, and where the fence had been left down for some two months: "If they [the fences] are suffered to go to decay and delapidation, or by any unavoidable accident they are broken down, . . . and are not repaired within a reasonable time, . . . and are allowed to remain open for weeks and months, it cannot be said that they are maintained." In other words, a reasonable time was allowed for repairing a broken fence, under a statute requiring it to be constantly maintained. In *Spinner* v. *Railroad Co.*, 67 N. Y., p. 156, this rule was approved, and applied to the case of a gate left open, being part of the fence, the court saying: "It has been held in the supreme court that, if a fence is thrown down, or blown down, or pulled down by a trespasser, the railroad company, not having notice thereof, is not liable because it does not at once put it up again, and that it has a reasonable time in which to repair it. And this seems to be a rational rule, and may be applied also to the case of a farm-crossing gate left open." That is, the company would have a reasonable time after notice that the gate was down. The first authoritative information which the appellant received that the appellee was entitled to the farm-crossing here, was given it when the suggestion of error was overruled, November 4, 1895, and the "rational rule" announced in the cases quoted, and which we approve, gave appellant a reasonable time, after this notice was received, within which to construct the crossing, and, having complied, within a reasonable time, with this duty, the appellee was without cause for complaint.

*Judgment reversed, and judgment here dismissing the suit.*