YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY v. RALPH
E. NEAL ET AL.

[47 South. 673.]

RAILROADS. *Code* 1906, § 4058. *Cattle guards and stock gaps. Second
penalty. Suit for.*

Under Code 1906, § 4058, providing a civil penalty against a railroad company for failing to maintain proper stock gaps and cattle guards where its track passes through enclosed land:—

(*a*) A recovery by a plaintiff precludes a suit for a second penalty until the railroad company has had a reasonable time thereafter to repair the stock gap or cattle guard; and

(*b*) An appeal prosecuted promptly from a judgment in plaintiff's favor continues the suit as a pending one; ·and

(*c*) An undated writing, evidencing a compromise of such a suit, reciting that plaintiff accepted a sum of money therein named in full satisfaction of all damages because of the company's failure, speaks from the date payment is received and the writing signed, as regards the time within which another suit may not be brought, although it was agreed upon sometime before.

FROM the circuit court of, second district, Tallahatchie county.

HON. SAMUEL C. COOK Judge.

Neal and another, appellees, were plaintiffs, and the railroad company was defendant, in the court below. From a judgment in plaintiffs' favor the defendant appealed to the supreme court.

The opinion of the court states the facts.

*Mayes & Longstreet,* for appellant.

Taking the broadest view of the settlement made between appellant and appellees, it is patent that the railroad company made settlement and obtained release in satisfaction and discharge on one essential and basal point, namely, that the appellees would accept the $250 in satisfaction of the claim arising generally out of the insufficiency of the stock gap. The case would differ, if there were two demands arising *ex contractu* out of separate transactions against the railroad company. Here the demand was sounding in tort, and grew out of a single fact and act, the unlawfulness and insufficiency of the stock gap.

It was competent for appellees to agree to accept for this demand the sum of $250. The voucher and instrument of release of damages expressly recited that payment was in satisfaction of all claims on account of the failure of the railroad company to construct and maintain necessary and proper cattle guards on the line of the railroad where it entered and left the appellees' enclosed land duly described. It was a general release and a general settlement. If appellees cherished a secret intention to institute further suits against the appellant immediately after the payment of the $250, and if the language of the voucher precluded any further suits then appellees should not have signed the release, endorsed it, collected the money it called for and appropriated the same to their own use.

That appellees were entertaining such secret intention to again sue the appellant is evidenced by the fact that although the release was signed and the voucher cashed on December 4,

immediately on the following day thereafter another suit was instituted. Certainly the terms of the release and the acceptance of the same by appellees estopped them from such action on their part.

This court has more than once held that after a railroad company has made settlement on account of its failure to construct and maintain a cattle guard and has made payment of the amount of settlement, it is entitled to a reasonable time within which to construct one.

It will be noted that when settlement was first discussed between appellant's agents and appellees, and when such settlement was pending, an agreement was made between appellant and appellees that if the company would supply wire and posts to fence the right of way through appellees' property, appellees would furnish labor and put up such fence. Hence, the continuing duty of the railroad company to make the stock gap or cattle guard sufficient had been abrogated between the parties by the above mentioned agreement.

But, even if the above argument be not considered of force, yet this court will hold that the appellees were not legally entitled to recover two penalties on acount of the same stock gap during that crop season. There should be but one recovery for the same offense.

*Dinkins, Caldwell & Ward,* for appellees.

It is apparent that appellant's sole contention here is that appellees are estopped from recovery in this suit by their former acceptance of a voucher in settlement of a judgment rendered against appellant in their favor some five months before the institution of the present suit in which this appeal is taken. There was an agreement between counsel for appellees and appellant, at the July 1906 term of the court, at which term the judgment was rendered. The appeal by the present appellant from such judgment was for no other purpose than to preserve the rights of the company in case the agreement was

not approved by the company's general department. It is evident that the general department of the company did approve the agreed settlement, else the voucher, dated November 19, 1906, for the purpose of payment in accordance with the agreement would never have been made. As the former judgment was rendered July 20, 1906, the railroad company was released from liability to the present appellees only to such date. Hence the appellees were warranted in law in instituting this present suit which began by filing of declaration on December 5, 1906.

The remedy against a railroad company for its failure to construct and maintain necessary and proper stock gaps or cattle guards is a continuous penalty, and if, after one suit ,the company fails to construct and maintain the proper gaps or guards, then the penalty again attaches. *Railroad Company v. Spencer,* 72 Miss. 491, 17 South. 168.

It is true that after a railroad company has made settlement on account of the failure to institute a stock gap, and made payment thereon, it is entitled to a reasonable time within which to construct a gap, but most certainly in this instant case the appellant had ample time from July until the institution of this subsequent suit.

In answer to the contention of counsel for appellant that the continuing duty of the appellant as to construction of the gaps and guards in question had been abrogated by agreement of parties for fencing of the right of way, we say that such agreement merely concerning the construction of a fence at any time suitable to the appellant—as was the agreement—can in no way abrogate the railroad company's legal duty to construct necessary guards to protect the crops of appellees.

MAYES, J., delivered the opinion of the court.

The agreed statement of facts shows that in June, 1906, R. E. and R. N. Neal instituted two suits against the railroad company, under section 4058, Code 1906 (section 3561, Ann.

Code 1892) for failing to maintain a proper stock gap and cattle guard. On the trial of this case it was agreed that one of the suits should be dismissed, and an agreed judgment was taken in the other for the statutory penalty of $250. Immediately thereafter the railroad company took an appeal from this agreed judgment to the supreme court. On the 4th day of December, 1906, a voucher was duly sent to R. E. and R. N. Neal, receipted for by their attorneys, and the same was duly paid. On the same day—that is to say, on the 4th day of December, 1906—after the judgment had been paid, the appeal was dismissed, and the railroad company paid all costs. On the very next day, December 5th, the plaintiffs instituted another suit about the same stock gap, claiming that this statutory penalty had accrued between the date of taking the judgment in July, 1906, and the date of paying the amount by the railroad company on December 4, 1906. Under proper pleas this cause was tried resulting in a verdict for R. E. and R. N. Neal, from which the railroad company appeals.

This case is controlled by the case of *Railroad Co. v. Odeneal,* 74 Miss. 827, 21 South. 52. This suit was a pending suit from the date of judgment to the date it was settled on December 4, 1906, and, while this appeal was pending no other suit could have been instituted. No sufficient time had elapsed after the settlement of the suit in which to give the railroad company an opportunity to repair this stock gap.

It is further contended by appellee that, by the terms of the agreement of compromise, the railroad was only released up to the 20th day of July. We find nothing in the agreement between the parties to justify us in adopting this view. The whole settlement between the parties was reduced to writing, and concludes as follows: "Plaintiff agrees to accept two hundred and fifty dollars in full satisfaction of all damages arising out of the failure to construct and maintain said cattle guards up to this date." This agreement bears no date whatever, and seems to have been used as a voucher by the parties making the

settlement for the railroad, and was sent forward for the purpose of having the railroad company issue a check in settlement of same. On this agreement the voucher seems to have been made out on the 19th day of November, 1906, and approved by the disbursing officer. The voucher was duly sent forward with directions to pay same when receipt accompanying it was dated and signed. This receipt was signed on the 4th day of December, 1906, by Ward & Dudley, attorneys, and the next day another suit was instituted about the same stock gap. It is our view that this compromise only became perfected on the 4th day of December, 1906, and that the agreement must speak as a finality only from that date. When the attorneys for appellee accepted the money from the railroad company in settlement of this compromise, it speaks as a settlement from the date of the acceptance of the money and the signing of the receipt therefor. If the payment had been delayed beyond the time from which the agreement was to speak, since the agreement itself does not show this, it was the duty of appellees to refuse to accept the voucher, unless it was clearly understood at the time the money was taken that it was to be a settlement only from July 20th, and not from the date of payment.

*Reversed and dismissed.*