DAVENPORT *v.* STATE.*

(In Banc.  Oct. 18, 1926.)

[109 So. 789.  No. 25229.]

CRIMINAL LAW.  *Commencement of imprisonment of defendant, confined in jail during pendency of suggestion of error, held date of affirmance of judgment (Code 1906, sections 4934, 4935 [Hemingway's Code, sections 3210, 3211]).*

Commencement of imprisonment of defendant who had surrendered his accordance with Code 1906, section 4935 (Hemingway's Code, section 3211), after affirmance in supreme court, *held* to have

been date of affirmance, date not having been fixed under Code 1906, section 4934 (section 3210), and pendency of suggestion of error not operating as *supersedeas*.

---

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 641, n. 5, 6, 7; Criminal Law, 16CJ, p. 1374, n. 81.

APPEAL from circuit court of Humphreys county. HON. S. F. DAVIS, Judge.

On motion to fix a time for the commencement of imprisonment. For judgment of conviction, see 108 So. 433.

SMITH, C. J., delivered the opinion of the court.

The appellant was convicted in the court below of manslaughter, sentenced to serve a term in the penitentiary, appealed to this court, and the judgment of the court below was affirmed (108 So. 433). Pending his appeal, the appellant was at large on bail.

Section 4935, Code of 1906 (section 3211, Hemingway's Code), provides that—"If the appellant in a case of felony be on bail, he shall appear before the supreme court to receive judgment, and, in case of an affirmance, he shall be committed by the court to the custody of its officer, who shall deliver him to the legal authorities of the penitentiary."

In order that this statute may be complied with without unnecessary inconvenience to an appellant in a felony case who is out on bail, rule No. 33 of this court (104 Miss. 908) provides that—"After the submission of a felony case in which the appellant is on bail, the court will, by special order, fix the day for the rendition of its judgment. On the day so fixed, appellant must appear before the court to receive judgment, unless he shall have previously surrendered himself to the sheriff of the county in which the court rendering the judgment appealed from was held."

The rule was here complied with, and the appellant surrendered himself to the sheriff of Humphreys county prior to the affirmance of the judgment appealed from by him.

Under rule No. 14 of this court (104 Miss. 906), the method by which a losing party obtains a rehearing of his cause in this court is by filing within fifteen days after the rendition of the judgment "a written suggestion of error or law or fact therein." No brief is filed or oral argument heard on a suggestion of error, unless the court, of its own motion, calls therefor, and the court in acting on the suggestion of error overrules it, or sustains it in whole or in part as in its judgment may be proper.

After the affirmance of the judgment herein, the appellant filed a suggestion of error, which was overruled by this court about four months after it was filed, during all of which time the appellant remained in the Humphreys county jail.

Section 4934, Code of 1906 (section 3210, Hemingway's Code), provides that—

"In case of an affirmance by the supreme court of a judgment for imprisonment, if the appellant had remained in prison pending the appeal, the time of imprisonment shall be credited to him, but if he have been on bail, the supreme court shall fix the time for the commencement of his imprisonment, under the judgment of affirmance, so as to cause him to suffer the full time of imprisonment fixed by the judgment of the court below."

Neither the judgment of this court affirming the judgment of the court below nor the judgment thereof overruling the suggestion of error fixed the time for the commencement of the appellant's imprisonment, and, when such is the case, and the appellant has availed himself of his right to a *supersedeas* of the judgment pending his appeal, the time of imprisonment begins on the rendition of the judgment affirming the judgment of the court below, provided the appellant is then in custody, and, if

not, when he is thereafter taken into custody by the proper executive officers.

The filing of a suggestion of error is merely an application to the court to reconsider and change the judgment rendered, and, in the absence of an order of the court or a rule so providing, does not have the effect of a *supersedeas,* but the judgment remains in full force and effect, unless and until it is vacated or modified by the court. 4 C. J. 641. Consequently, as no rule of this court provides that the filing of a suggestion of error shall operate as a *supersedeas,* and no such order was here entered, it necessarily follows, as the appellant was then in custody, that his term of imprisonment commenced on the day on which the judgment of the court below herein was affirmed by this court, and an order will be now entered fixing the time accordingly.

The confusion which it appears may arise when a judgment of affirmance is executed pending the disposition by this court of a suggestion of error filed thereto which is afterwards sustained in whole or in part can be avoided by a general rule or a specific order in each case.

It follows, of course, from the foregoing views, that the appellant should have been delivered to the penitentiary authorities when the judgment of affirmance was rendered, but the court's executive officers and the prison authorities acted in not so doing on an old custom to the contrary, the correctness of which the court has now, for the first time, been called on to determine.

*Motion sustained.*