LOVE v. MAYOR AND BOARD OF ALDERMEN OF YAZOO CITY.

(Division A. May 29, 1933.)

[148 So. 382. No. 30705.]

H. M. Love, Jr., of Yazoo City, for appellant.

**J. G. Holmes,** of Yazoo City, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a decree dismissing an original bill and dissolving a preliminary injunction restraining the appellees from issuing bonds of the City of Yazoo. The city obtained the assent of the electors to the issuance of street paving bonds in an election ordered for that purpose, but was enjoined from issuing them at the suit of the appellant. This injunction was dismissed, as was also the bill of complaint, by the court below on the 27th day of December, 1930, and its decree so doing was affirmed on appeal to this court on January 11, 1932. Love v. Mayor & Board of Aldermen of Yazoo City, 162 Miss. 65, 138 So. 600.

The city thereafter offered the bonds for sale, but was unable to obtain a purchaser therefor until the 25th day of January, 1933, when it accepted an offer therefor by the Delta National Bank of Yazoo City by resolution entered on its minutes accepting the offer and directing the delivery of the bonds. The year expired before the bonds could be executed and delivered, and the injunction here under consideration restraining their delivery was sued out.

Section 2491, Code 1930, provides that "should the election," for determining whether or not bonds should be issued, result "in favor of the proposed bond issue . . . the mayor and board of aldermen or commissioners may issue such said bonds, either in whole or in part, within one year after the date of such election or within one year after final favorable determination of any litigation affecting such bonds as they deem best."

The appellant asserts that the city has lost the power

to issue the bonds for the reason that they were not issued within one year after January 11, 1932, the date of the rendition by this court of the judgment ending the litigation then pending affecting the issuance of the bonds. In support of which he says, first, the one year in which the bonds could be issued commenced on January 11, 1932, and therefore had expired when the city accepted the offer of the purchaser of the bonds. The statute clearly contemplates that the mayor and board of aldermen shall have a full year in which to issue the bonds. Rule 14 of this court provides that ''the losing party may within fifteen days after a judgment is rendered in this court file a written suggestion of error of law or fact therein, and the court will take such action thereon as it may deem proper.'' Under this rule a mandate does not issue to the lower court until the expiration of the fifteen days, and, if a suggestion of error is filed, not until it is disposed of. During this time the successful party to the judgment probably may, as to which we express no opinion, but cannot safely, proceed to act thereunder, for the reason that the suggestion of error may be sustained and the judgment set aside or modified. Compare Raleigh State Bank v. Williams, 150 Miss. 766, 117 So. 365; Davenport v. State, 143 Miss. 765, 109 So. 789; and Yazoo & Miss. Valley R. Co. v. Neal, 93 Miss. 680, 47 So. 673. The one year within which the mayor and board of aldermen had to sell these bonds should, therefore, be held not to have commenced until the expiration of fifteen days from January 11, 1932.

The appellant also says that the bonds, nevertheless, were not issued within the one year, for a bond is not issued within the meaning of the statute until it has been delivered to the purchaser or otherwise put into circulation. This is ordinarily true under the general law of negotiable instruments, and the Negotiable Instrument Law expressly so provides, section 2847, Code 1930; but

"the term 'issue' has various meanings, depending on the subject matter of the writing or discourse, or upon the context, or both. Its context should always be considered in reaching its interpretation in a given case." 33 C. J. p. 817.

The evident purpose which the Legislature sought to accomplish by providing that the bonds should be issued within one year after the mayor and board of aldermen had been given the right so to do was to prevent an undue delay in the issuance of the bonds, resulting in their being issued after the reason which prompted the electorate to assent thereto had disappeared. The requirement, therefore, is that the board of aldermen shall act on the permission given for the issuance of the bonds within one year. When the mayor and board act on the permission given to issue bonds by making a contract with the purchaser therefor with nothing remaining to be done except to deliver the bonds, the purpose of the Legislature has been accomplished, and the mere mechanical and ministerial work of printing, signing, and delivering the bonds after the expiration of the one year does no violence to the legislative purpose, provided, of course, that no undue delay is indulged therein. The contract for the sale of these bonds was made within one year from January 26, 1932; consequently, the injunction restraining their delivery was wrongfully sued out.

Affirmed.