FREEMAN KELLY, Respondent, *v.* WILLIAM T. FALCONER, Appellant.

The plaintiff holding a contract for the sale of certain lands, part of the purchase-price of which had been paid by him, transferred the contract to the defendant as security for any advances the latter might make to pay the balance due thereon; and the defendant having paid up the contract and taken a deed to himself, with the assent of the plaintiff contracted to sell a portion of the lands to G, receiving part payment. At the same time, he agreed with G to advance him money to cut logs on the lot, the defendant to be repaid by taking the logs at agreed prices.—*Held*, in an action to redeem, brought by the plaintiff, that the defendant was not entitled, upon such redemption, to charge the plaintiff with any moneys advanced to G under the lumbering contract, but must convey to the plaintiff, and assign the contract with G and the logs on the land to him, upon being paid his advances to buy the land, less the amount received from G.

(Submitted February 6th, and decided February 21st, 1871.)

APPEAL from a judgment of the General Term of the eighth judicial district, affirming the judgment entered in favor of the plaintiff upon the report of a referee. The facts in this case are fully stated in the opinion of the court.

*A. G. Rice*, for the appellant.

*Henderson & Wentworth*, for the respondent.

GROVER, J. The ground urged by the counsel for the appellant, for the reversal of the judgment, was the refusal of the referee to hold the plaintiff liable to the defendant for his advances to Goodrich as a condition of requiring the defendant to assign to the plaintiff his interest in the logs as owner of the legal title and as vendor of Goodrich of the lands upon which they were cut, and upon which they

remained at the time of the trial. To determine this question reference must be had to the facts proved and found by the referee. From these it appeared that the plaintiff held a contract from the owners (the executors of Nicholas Devereaux) for the purchase of 160 acres of land for $1,620, a part of the purchase-price of which ($500) had been paid, leaving the remainder unpaid; that the plaintiff assigned this contract to the defendant as security for such sums as the defendant might pay of the unpaid purchase-money, and for whatever amount the plaintiff might otherwise become indebted to the defendant; that the defendant paid to the vendors the balance unpaid of the purchase-money, and took a deed of the land in his own name; that he thereafter, with the assent of the plaintiff, entered into a contract with one Goodrich for the sale to him of seventy-five acres of the land, upon which Goodrich paid the defendant $500 of the purchase-price, and the residue was to be paid thereafter as specified by the contract. It was proved that Goodrich, upon making the contract, entered into the possession of the land, which was all timbered land, and proceeded to cut his logs and wood upon the land, removing more or less thereof from the premises, and selling the same, except the logs, to others, but selling the logs to the defendant, who made advances to him to enable him to conduct the business, under an agreement that he, the defendant, should buy the logs and be repaid his advances out of the purchase-price; that, at the time of the trial, there were about 800 logs upon the premises cut by Goodrich, and that he was indebted to the defendant several hundred dollars for his advances in carrying on the business. The referee decided that the plaintiff was entitled to redeem from the defendant upon payment of the money paid by him to acquire the title, with interest, over and above what he had received from Goodrich, and of all his other indebtedness; and that, upon such payment, as directed by the judgment, the defendant should convey the land to him, subject to the contract made with Goodrich, and should assign to him the contract made with Goodrich, and

should assign to him all the defendant's interest in the logs remaining upon the premises contracted to Goodrich, which he acquired by the conveyance of the title to him, and as vendor of Goodrich. The plaintiff testified, in substance, that he had nothing to do with the defendant's advances to Goodrich; and the referee refused to find that he had made any agreement in respect thereto.

Upon the above facts, it is clear that the referee was correct in holding that the plaintiff was entitled to a conveyance of the property from the defendant, upon payment to him of all the money for which he had assigned his contract to him as security. This did not include advances made by the defendant to Goodrich. As against the plaintiff, he had no right to make such advances. Goodrich, without the consent of the owner of the land, had no right to cut or remove timber therefrom. The legal title to the timber, as well as of the land, remained in the vendor, until Goodrich completed his contract, and obtained title by conveyance. This title to the timber was, in equity, held as security by the vendor for the payment of the purchase-money by the purchaser. Upon such payment the purchaser becomes entitled to a conveyance of the land, and this gives him title to any timber that may have been severed from the soil and held by the vendor as security for the purchase-money. The plaintiff, by payment of what the defendant held the property to secure, was entitled to a transfer from the defendant of the entire property, including the title of the defendant to the logs cut upon the Goodrich lot, which, as vendor, he held as security for the unpaid purchase-money by Goodrich. He could not retain those logs for any indebtedness of Goodrich to him, unless such indebtedness was contracted pursuant to an agreement with the plaintiff that he might so retain them. The judgment must be affirmed, with costs.

All the judges concurring.

Judgment affirmed.