## GEORGE SMITH *v.* FRANK LYNCH, TREASURER OF CUYAHOGA COUNTY.

The council of a village passed an ordinance establishing a board of health in the village, and regularly appointed members of the board, who qualified and acted as such. But the ordinance establishing the board was not read three times, nor were the yeas and nays suspending the rule requiring it to be so read recorded, as prescribed by law. The members so appointed entered upon and discharged the duties of the appointment, and were accepted and regarded by the public as such board—*Held:* That they were such board *de facto*, and that their acts as such board, within the sphere of their office, are valid and binding.

MOTION for leave to file a petition in error to the District Court of Cuyahoga county.

This was an action brought by Smith in the superior court of Cleveland to restrain the collection of a tax assessed by the board of health of the village of West Cleveland upon the plaintiff's lots situate therein for the expense and cost of removing a nuisance from the lots. The ordinance of the village council establishing the board of health by whose orders the nuisance was so removed, was not read on three several days, nor were the yeas and nays of the members of the council voting for the suspension of the rule requiring it to be so read recorded, nor did a majority of members vote for the suspension, as prescribed by the municipal code. The plaintiff claimed that the board of health was not a lawful board, that they acted without authority, and that the tax was therefore illegally assessed.

The record shows that the persons so constituting or claiming to be said board of health were the only persons claiming to be, or acting as such, and that they were publicly and generally known and acknowledged as such at the time of the transaction. A motion was made by the defendant to dismiss the action, on the ground that the superior court had no jurisdiction. This motion was overruled. The

cause went by appeal to the district court, where the plaintiff's petition was dismissed upon hearing. And the plaintiff now seeks to reverse the judgment of the district court.

*John W. Heisley* and *John C. Grannis,* for the motion, referred to 1 Dillon on Mu. Corp. 342, 343, and notes; 22 Mich. 104.

*Safford & Safford* and *R. P. Ranney,* contra, claimed that the members of the board of health were *de facto* officers. *State* v. *Allen,* 12 Ohio, 20; *State* v. *Constable,* 7 Ohio, 9; *State* v. *Carrol,* 38 Conn. 449; 7 Johns. 549; 4 Denio, 168; 1 Ohio St. 126.

WELCH, C. J. The questions argued by counsel are: 1. Had the superior court jurisdiction? 2. Are the requirements of the statute as to the manner of passing the ordinance mandatory, or are they merely directory? 3. If these requirements are mandatory, are the persons so acting to be regarded as a board health *de facto?* We are satisfied that the last named of these questions must be answered in the affirmative. It is unnecessary, therefore, to consider the first and second questions. In other words, we think that, under the circumstances, the board is to be regarded as a board *de facto.* Whether it was a board *de jure,* and whether the superior court had jurisdiction of the case, become, therefore, immaterial questions. It is claimed by the counsel for the plaintiff that this is not a case where an office has been filled, and its duties performed, by parties not legally appointed or qualified, but a case where there was no office to be filled. We do not so understand the law. The statute (66 Ohio L. 200) creates the office. It authorizes the council to "establish" the board, and to fill it by appointment. True, until the council act in the premises, it is a mere potentiality in their hands; yet it is none the less an *office,* known to the law, and provided for by law. Where the council assume to establish the board

under the law, and to appoint its members, there is no good reason why an irregularity or illegality in the act of establishing the office, any more than an irregularity or illegality in the appointment of the officers, should be held as rendering the acts of the officers void, and themselves mere trespassers. The reasons—the considerations of public policy—which exist in one case exist equally in the other. It is enough that the office is one provided for by law, and that the parties have the color of appointment, assume to be and act as such officers, and that they are accepted and acknowledged by the public as such to the exclusion of all others. Such was the case here. There was both the *color* and the *fact* of office.

*Motion overruled.*