Wright, J.
Wendell Bloom was prosecuted, under an ordinance of the town of Xenia, which prohibited ale, beer, and porter-houses and shops, etc. The defense made by Bloom, which we shall consider here, was, that the ordinance in question was not properly passed, and was therefore a nullity.
At a meeting of the town council of Xenia, held September 27, 1869, there were six members present, eight being the full number. The ordinance committee reported two ordinances, one relating to elections, and the other, being the one in question, to prohibit ale, beer, and porterhouses and shops, etc. The rules were suspended, by vote of all six councilmen present, the yeas and nays being duly entered on the journal. Thereupon the first ordinance was passed, and without any other or further .suspension of the rules, the second ordinance was passed, one member voting against it. Eor a violation of this ordinance, Bloom was fined $25 by the mayor, and this writ of error is prosecuted to reverse the judgment.
Section 98 of the municipal code, 66 Ohio L. 166, is as follows:
“All by-laws, resolutions, and ordinances of a general or permanonx nature, shall be fully and distinctly read on three different days, unless three-fourths of all the members elected shall dispense with the rule ; and the vote on such suspension shall be taken by yeas and nays and entered on the journal.”
Bloom now claims that the ordinance was introduced and passed on the same day, not having been read on three different days, and that the rules were not properly sus *463 pended, inasmuch as under one suspension both ordinances were adopted.
'Whether provisions like that of section 98 are mandatory or directory is a question, with regard to which a contrariety of opinion exists. In New York they are held to be directory merely. Doughty v. Hope, 8 Den. 252. In the matter of Mount Morris Square, 2 Hill, 20; Striker v. Kelly, 7 Hill, 9, although in this ease Brunson dissents; Elmendorf v. Mayor, 25 Wend. 696; Massachusetts is to the contrary; Morrison v. City of Lawrence, 98 Mass. 219.
New Jersey seems to hold to strictness in the passage of ordinances. Stale v. City of Hudson, 5 Dutch. 478.
Such also is the holding in Indiana. City of Delphi v. Evans, 36 Ind. 90.
Again, Pennsylvania holds that a provision in a statute, that existing borough ordinances shall remain in force, provided that they shall be recorded within four months, thereafter, is merely directory; and a non-compliance therewith does not affect the validity of such ordinances. Trustees of the Erie Academy v. City of Erie, 31 Pa. St. 515; Whalin v. Macomb, 76 Ill. 49.
In this state it is held that certain provisions of the constitution are directory to the legislature, and not mandatory, as in Miller & Gibson v. State, 3 Ohio St. 475.
Article 11, section 10, that “ no bill shall contain more than one subject, which shall be clearly expressed in its title,” is held to be directory in Pim v. Nicholson, 6 Ohio St. 177.
The clause of section 16, article 2, which provides that “ the section or sections so amended shall be repealed,” is directory to the general assembly. Lehman v. McBride, 15 Ohio St. 573.
Section 16, article 2, which provides that “ no bill shall contain more than one subject,” is directory merely. The State ex rel. Attorney-General v. Covington, 29 Ohio St. 103.
Similar constitutional provisions are held directory in California, Maryland, and Mississippi, but they are recognized and enforced as mandatory in Alabama, Georgia, *464 Indiana, Iowa, Kentucky, Louisiana, Michigan, Minnesota, Missouri, New Jersey, New York, Texas, Wisconsin, and Nevada. Tuscaloosa Bridge Co. v. Olmstead, 41 Ala. 9; Weaver v. Lapsley, 48 Ala. 224; Cooley Cons. Lim. 74 Giddings v. San Antonio, 47 Texas, 548; Ind. Cen. R. R. v. Potts, 7 Ind. 681; Walker v. Caldwell, 4 La. Ann. 297; State v. Miller, 45 Mo. 495; People v. McConnell, 35 N. Y. 449 ; Cannon v. Hemphill, 7 Tex. 184; City of San Antonio v. Gould, 7 Tex. 49; Supervisors v. Heenan, 2 Minn. 330; People v. Lawrence, 36 Hart. 177; State v. Rogers, 10 Nev. 250.
The rule, therefore, being established in this state as to-legislative action, shall the same latitude be allowed to municipal councils as to the general assembly?
The efforts of courts are to sustain acts of the legislature; they will not be declared unconstitutional unless-clearly so. The legislative is a co-ordinate branch of the-court with the judicial, and the proceedings of the one will not be lightly interfered with by the other. As is said in Miller § Gibson v. State, p. 482: “ Nor is it to be forgotten that every reasonable intendment is to be made in favor of the proceedings of tho legislature. It is not to be presumed that the assembly, or either house of it, has violated the constitution.”
This further remark may be made with regard to the general assembly. By the terms of the organic law, “ the legislative power of the state ” is declared to be “ vested in the general assembly.” This grant of power is general in its terms, not special; it embraces all such legislative power as the people of the state could, under the federal constitution, confer — the whole “ legislative power of the state.” The limitations upon the exercise of this power thus broadly conferred, are special, and are to be found in other parts of the same instrument. When, therefore, the power of the legislature to enact a given law is disputed, the proper question is, whether such exercise of legislative power is clearly prohibited by the constitution. The grant of power being general, the question is as to the existence of a lim *465 itation arising from special prohibition. Lehman v. McBride, 15 Ohio St. 592.
In marked contrast to this view of the general assembly, is that which the law takes of the municipal corporation. Its power is strictly limited. It has that which is expressly granted or clearly implied, and no other; and doubtful claims to power are resolved against it. Minturn v. Larue, 23 How. 435.
The restrictions upon the municipality and the powers-of the legislature are thus illustrated in Thompson v. Lee County, 3 Wall. 330: “A county or other municipal corporation has no inherent right of legislation, and cannot subscribe for stock in a public improvement, unless authorized to do so by the legislature. Snch a. corporation acts wholly under a delegated authority,, and can exercise no power which is not in express terms, or by fair implication, conferred upon it. But the-legislature of a state, unless restrained by the organic-law, has the right to authorize a municipal corporation to take stock in a railroad or other work of internal improvement.”
Similar views are held in Clark, Dodge & Co. v. City of Davenport, 14 Iowa, 495; Nichol v. Mayor, 9 Humph. 252,
While, therefore, the policy of our law is to concede-power to the legislature, and to recognize that which has-been done as rightly done, with regard to municipal corporations they must make their power apparent, and show regularity in their acts. Speaking of the enactment of an ordinance, it is said in Blanchard v. Bissell, 11 Ohio St. 101: “ Its vitality depends, as we think, upon the fact that it was-regularly passed by the council.”
Later cases in New York seem disposed to hold municipalities to a stricter course of regularity in proceedings.
In the Matter of Petition of Addison Smith, 52 N. Y. 526, the statute required that no vote should be taken upon an assessment ordinance or resolution until it had been published three days. A resolution, passed without such prior *466 publication, was held illegal, and an assessment founded •upon it void.
A similar statute, prohibiting the passage of resolutions until after publication, was held mandatory, and the assessnrent without such publication invalid. In the Petition of Douglas, 45 N. Y. 42. So also In the Matter of Phillips, 60 N. Y. 16; In the Matter of Little, 60 N. Y. 843; In the Matter of Anderson, 60 N. Y. 457; The State v. Hoboken, 38 N. J. Law, 110. See also State v. Smith, 22 Minn. 218.
The courts of this state hold municipal corporations to ¡a strict accountability in the exercise of power.
In Welker v. Potter, 18 Ohio St. 85, it is held to be a condition precedent to the exercise of authority to pass an assessment ordinance that the council should have declared by resolution the necessity of the improvement, and published the resolution. And there are various cases in our reports holding certain preliminary proceedings jurisdictional, without which proceedings are invalid. Sessions v. Crinkilton, 20 Ohio St. 360; Stephens v. Daniels, 27 Ohio St. 527; Corey v. Gaynor, 22 Ohio St. 584; Cincinnati v. Pickett, 26 Ohio St. 49.
"We think, therefore, that it may be said that the policy •of our jurisprudence is to require of municipal corporations .a strict observance of their powers, and that in the exercise of these powers they should observe the forms the law has •directed. All tribunals of special and limited jurisdiction must show the authority under which they act, and act in "the manner pointed out.
The provisions of this section 98 have been before the supreme court upon two occasions. Upington v. Oviatt, 24 Ohio St. 232; and Smith v. Lynch, 29 Ohio St. 261. But in neither case did the question require decision, and it was deemed unnecessary to pass upon it.
We hold, therefore, that the statute in this matter is imperative in its injunctions. Certainly nothing can be more .so than the language employed — “ all by-laws, etc., shall Re read,” etc. — unless three-fourths dispense with the rules.
But it is claimed that the rules were dispensed with. *467 The fact was that there was a proper vote to dispense, and then the election ordinance was put upon its passage, following which came the ordinance under consideration. This was irregular. Does one vote to dispense with the rules suspend them indefinitely ? Can they be thus suspended for an entire session of the council, and measures •of every character passed at once ? This, we think, would be entirely too liberal.
The statute says that “ all ” by-laws, etc. The word “ all” may mean “ every.” Stone v. Elliot, 11 Ohio St. 258. And is to be so construed in this connection. We may therefore read the law thus : Every by-law, resolution, or ordinance must be read on three different days, unless the rule is dispensed with. The rule must therefore be dispensed with ns to the particular ordinance.
Doubtless the purpose of the statute was to prevent laasty legislation ; a purpose entirely defeated, if, upon the suspension of rules to pass one ordinance, any number can be successively rushed through.
The case itself shows the propriety of insisting upon an •observance of the statute. There were eight councilmen .all told, and it required six to suspend the rules. They all voted for such suspension, but when it came to the vote on the beer ordinance, one member voted against its passage. Had there been a separate suspension vote as to the beer ordinance, this member could have defeated its passage, at least for that evening ; but by the course which is adopted he is compelled to aid by his vote to suspend the passage of an enactment he desires to defeat.
Without therefore considering the other causes assigned, we hold that the rules were not properly suspended, and the judgment is reversed.

Judgment accordingly.