Spear, J.
The act is assailed as in conflict with section 2 of article 10, of the constitution, and of section 26 of article 2, of the constitution.
Section 1 of article 10 is as follows: “The general assembly shall provide, by law, for the election of such county and township officers as may be necessary;” and section 2: “ County officers shall be elected on the first Tuesday after the first Monday in November, by the electors of each county in such manner, and for such term, not exceeding three years, as may be provided by law.”
An office, speaking in general terms, is the right and duty to exercise an employment. It is defined by the Century Dictionary as “ a post the possession of which imposes certain duties upon the possessor and confers authority for their performance;” by Cochran, in his Daw Rexicon, as “a position or appointment entailing certain rights and duties,” and by Bouvier as “a right to exercise a public function or employment, and to take the. fees and emoluments belonging to it.” In King v. Burnell, Carthew, 478, it is said: *38 “The word officium principally implies a duty, and in the next place the charge of such duty, and ’tis a rule that where one man hath to do with another man’s affairs against his will, and without his leave, that is an office, and he who is in it is an officer.” In U. S. v. Hartwell, 6 Wall. 385, it is said: “An office is a public station or employment, conferred by the appointment of government. The term embraces the ideas of tenure, duration, emolument, and duties. A government office is different from a government contract. The latter, from its nature, is necessarily limited in its duration and specific in its objects. The terms agreed upon define the rights and obligations of both parties. A clerk appointed by a head of a department, under authority of law, holds an office.” And in Bradford v. Justices, 33 Ga. 382; “Where an individual has been appointed or elected, in a manner prescribed by law, has a designation or title given him by law, and exercises functions concerning the public, assigned to him by law, he must be regarded as a public officer. Whether he has been commissioned in form can make no difference; the commission is but evidence of title to the office.”
In passing it may be remarked that emolument, though an ordinary incident, is not a necessary one, as has been held in divers cases in this state. Membership in a board of health is an office (Smith v. Lynch, 29 Ohio St. 261); so the presidency of a city council, though no pay is attached to either, (The State v. Anderson, 45 Ohio St. 196). On the other hand the deputy clerkship of the probate court is not an office. (Warwick v. The State, 25 Ohio St. 21).
It is not important to define with exactness all the characteristics of a public office, but it is safely within bounds to say that where, by virtue of law, a person is clothed, not as an incidental or transient authority, but for such time as denotes duration and continuance, with independent power to control the property of the public, or with public functions to be exercised in the supposed interest of the peopR the service to-be compensated by a stated yearly salary, and the occupant having a designation or title, the position so created is a public office. And where such duties are wholly *39 performed within the limits of a county, and for the people of that county, the salary to be paid by the disbursing officer of the county, from the funds of the county, the offide is a county office, and, as' one who is lawfully invested with an office is an officer, the person lawfully filling such place is necessarily a county officer.
From these definitions and illustrations it is clear that the position created by the act in question is an office, and that the defendant, if selected in the manner prescribed by law, is an officer. Upon him is imposed the right to exercise an employment in the purchase and control of property of the public, not as a temporary, casual act, but as a continuous duty. He is to exercise public functions in the supposed interest of the people. These he exercises independently, for others, and without their leave. He is given by the act itself the title or designation of “stationary storekeeper,” and it is not without significance that he is also denominated an “officer.” He is to give bond for the faithful performance of his duties, and is entitled to the yearly salary affixed by the act. The office is an independent one. Its duties are not devolved upon the occupant by a superior, as ministerial duties may be devolved upon a deputy, but are imposed by the statute. True, the statute does not provide for an oath of offi.ce. But this is not important, for, if by other tests, he is an officer, then the constitution, section 7, oí article 15, prescribes the oath, and its injunctions surely cannot be less obligatory than if directed by statute.
It is equally clear that, if an officer at all, he is a county officer. The office of “stationary storekeeper” is created for the county of. Hamilton. The duties relate to the purchase and custody of the property of the county, and the salary is to be paid by the treasurer of the county from the general fund of the county.
We have, then, the case of an attempt to provide for the selection of a county officer by appointment; not temporarily, to fill a vacancy, but for as full a term as the act creates, which term is made indefinite and subject to the will of the clerk of the court of common pleas, who, by reasonable in-tendment, has power to remove and appoint a successor. *40 This in the face of a constitution which, in one section gives power to the general assembly to provide only for the election of county officers, and in the next section, provides that they shall be elected, and for a term not to exceed three years, and no where, by implication even, gives any authority to fill such offices, save as to vacancies, in any manner other than by election.
A more obvious attempt to override the constitution can hardly be conceived of. Under our constitution county offices cannot for a full term be filled by appointment. There is not a shadow of authority for the kind of legislation of which this act is an example. The portion of the act which assumes to give authority to the clerk of the court of common pleas to appoint a storekeeper, is clearly and palpably in conflict with the sections of the constitution quoted, and, there being no provision for an election, the act as a whole is absolutely and wholly void.
Counsel for defendant urge that the act but imposes a new duty upon an existing office, i. e., imposes the appointing power upon the clerk of courts of Hamilton county, a duly elected officer. This begs the question, and ignores the ground on which the act is assailed. It is not that the clerk would not be competent to receive power to appoint to an appointive office, but that an office of this character cannot be thus filled.
As the case is disposed of upon the point already made, it is unnecessary to consider whether the act is also in conflict with section 26 of article 2, of the constitution, and we express no opinion upon that.

Demurrer sustained and judgment of ouster.