## RIGHT-OF-WAY NOTWITHSTANDING EASEMENT WAS NOT RESERVED.

Court of Appeals for Hamilton County.

HENRY RIMPLER v. JAMES IUEN.

Decided, June 19, 1916.

*Easements—Conditions Existing at Time of Conveyance with Reference to Right-of-Way Control.*

Conditions existing at the time of the making of conveyances by a common grantor as to right-of-way, constructed with the knowledge and assistance of the grantee before his purchase of one of the lots, entitle grantees of other lots to a way out and to the grantor's rights then obtaining in an existing roadway, notwithstanding no reservation of the easement was made in the conveyance of the servient lot and other rights-of-way over other lots may have since become available.

*Dempsey & Nieberding,* for plaintiff.

*Horace A. Reeve, Cogan, Williams & Ragland* and *Aaron A. Ferris,* contra.

JONES (Oliver B.), J.

Heard on appeal.

Prior to May 24, 1892, Frederick Rimpler was the owner in fee simple of lots 21, 22, 23, 24, 25 and 27 on the plat of the subdivision of Round Bottom Farm made by the order of the court of common pleas in the settlement of the estate of Thomas R. Biggs, deceased. These lots lie southeast of the Little Miami branch of the Pennsylvania Railroad, all except lot 27 bounding southwardly on the Little Miami river. Lot 27 lies north of lots 21 and 22; its east line is the west line of lot 20 of the same subdivision, which is owned by Michael Leaf; and on the north it is bounded by a county road which passes under the Little Miami Railroad and connects with Wooster turnpike.

Prior to May, 1892, Frederick Rimpler was also the owner of lot 7 of Muchmore's estate lying west of said lot 25 of the Biggs estate and lying on both sides of the Wooster turnpike and the Little Miami Railroad. The railroad company has constructed a farm-crossing over the railroad upon lot 7 which was in use by Frederick Rimpler and is still in use by his daughter, the owner of the property up to the present time, for all of the purposes of said lot 7 of the Muchmore estate. This same crossing was at times used by Frederick Rimpler and by his successors in title for access to lot 25 of the Biggs estate, which lies immediately east, and also for the other lots in the same tier, being 24, 23, 22 and 21. While Frederick Rimpler was the owner of all of said six lots in the Biggs estate, for the convenience of the property he established and maintained a roadway twenty feet in width in lot 27 along its east line running from its southeast corner to the county road, and used the said roadway as a means of ingress and egress, to and from said county road for lots 21, 23 and 24.

On May 24, 1892, Frederick Rimpler and his wife conveyed to the plaintiff, Henry Rimpler, lot 24 together with all the privileges and appurtenances thereto belonging. On June 20, 1892, said Frederick Rimpler and wife conveyed to the defendant, James Iuen, said lot 27, no specific reservation being contained in said deed of such roadway along its east side. But at that time, said James Iuen, who had previously been a tenant and cultivated certain of said lots for Frederick Rimpler, knew of the existence of said private roadway and had himself assisted in its construction and frequently used it. At the time of such conveyance of lot 27 to James Iuen by him Frederick Rimpler was still the owner of lots 21, 22 and 23, and continued to use such roadway across lot 27 for ingress and egress to them.

On May 21, 1894, Frederick Rimpler conveyed to plaintiff, Henry Rimpler, said lots 21, 22 and 23, together with all the privileges and appurtenances thereto belonging. On the same

day Frederick Rimpler conveyed to Joseph F. Iuen lot 25 of the Biggs estate, making in said deed reservation of a roadway of twenty feet across said lot and along the right-of-way of the Little Miami Railroad and extending along said track in a northerly direction 1047.4 feet from a section line where it crosses the railroad, said road being for the joint use and convenience of the owners of lots 22, 23, 24 and 25 of the Biggs estate.

The evidence shows that while a fence was built along the south line of lot 27, a gate was built across where it intersected this private roadway at the southeast corner of the lot, and this road was used by both Frederick Rimpler and Henry Rimpler as the owners of lots 21, 22, 23 and 24, from the time of its construction, as a means of ingress and egress for said lots to the county road and Wooster turnpike. This use was with occasional spoken objections on the part of defendant, James Iuen, but continued without resistance until some little time before the bringing of this action, when at times Mr. Iuen would cause the gate to be locked, and it became necessary for Mr. Rimpler or his employees on one occasion to take up the gate post, and on another to remove the lock and chain; and shortly before the bringing of this suit Mr. Iuen made a determined resistance to the further use of the road by plaintiff.

A great deal of testimony has been heard by the court, but when carefully considered there is little conflict in its essential elements, defendant himself admitting his participation in the original establishment of the road and its use, and there being no question of its continued use from the time of its original construction up to the time of bringing the suit, notwithstanding occasional objections and the slight interference made at times by the defendant.

There is no claim in his case of a right-of-way by prescription, nor is there any specific grant by deed except that contained by way of appurtenances to the land for the use and benefit of which this way was originally established.

Plaintiff claims an easement in this roadway over lot 27 as a way of necessity, or at least as a way of convenience, under the principle announced in the case of *Baker* v. *Rice,* 56 Ohio St.; 463. Defendant insists that such right can not be claimed where no reservation was made in the grant for the reason:

First, that the plat of the subdivision of the estate of Thomas R. Biggs shows a twenty-foot farm road extending along the north lines of lots 24, 23, 22 and 21 and out through the property now owned by Michael T. Leaf along the south line of lot 20 to reach Elm avenue at the county road, which is reached further west by the private road under discussion.

And, second, that plaintiff had a way out across intervening lots and over lot 7 of Muchmore's estate, from the railroad crossing to the Wooster pike.

In considering these questions we must determine the conditions existing at the time of the conveyance of lot 27 by Frederick Rimpler to James Iuen, rather than the conditions which have since arisen.

If the making and recording of the Biggs plat August 19, 1882, constituted this farm road a public highway for the benefit of the abutting lots and its use could be insisted upon by Frederick Rimpler and the plaintiff as his successor in title, then they could not claim the roadway over defendant's land as a way of necessity. The evidence shows that this farm road was never opened and used as such but has been occupied and cultivated as a part of the farm made up of the adjoining lots, the part lying in the Rimpler land never having been opened and the part through the Leaf property never having been opened or used, and its line not being apparent to any one or differing in any way from the rest of his farm. As to the way out westwardly across the railroad over lot 7, a consideration of the evidence will show that in May, 1892, when Frederick Rimpler conveyed lot 24 to Henry Rimpler without reserving any way across, he became dependent upon the roadway he had built and used across lot 27 for access to the public highway for lots 21, 22 and

23; and Henry Rimpler under the deed of lot 24 to him, not being entitled to any way out across lot 25 also became entitled to the use of the way across lots 23, 22 and 21 and over this roadway on lot 27 out to the public highway. The evidence shows that while Frederick Rimpler and his successors have traveled across the farm and availed themselves of the crossing in lot 7 over the railroad to Wooster pike, no defined roadway has been in existence across these lots and at least part of the travel has been along and over the right-of-way of the Little Miami Railroad, and not by right, but purely as a matter of sufferance.

Giving full consideration to all of the evidence, the dates of the conveyances above recited, and the use of the property and this roadway by the owners of these lands and their tenants, the court has come to the conclusion that Henry Rimpler when he received the deed from Frederick Rimpler for lot 24 was entitled, under the principle set out in *Meredith* v. *Frank,* 56 Ohio St., 479, to a way out over lots 23, 22, 21 and 27, all of which were then owned by his grantor, Frederick Rimpler; and later when lot 27 was conveyed by Frederick Rimpler to James Iuen it was still subject to this easement in favor of lot 24 then owned by Henry Rimpler; and under the principle set out in *Baker* v. *Rice, supra,* it was also subject to like use by Frederick Rimpler for the benefit of his lots 23, 22 and 21 as a way of convenience. It was then an existing way, the use of which was and had been apparent to James Iuen. It was being continually used, and was reasonably necessary to the use and enjoyment of the land for which it had been constructed, and added materially to its value. The fact that under the subsequent deed of lot 25 an easement had been reserved which is now available to Henry Rimpler as the owner of lots 21, 22, 23 and 24, can not be held to revoke the rights already obtained by him in the use of the roadway across lot 27.

A careful examination has been made of *Jordan* v. *Manufacturing Co.*, 89 Ohio .St., 311, which is strongly relied upon by defendant's counsel, but nothing in that case in any way changes or modifies the rules here applied under the two cases above referred to in *Meredith* v. *Frank* and *Baker* v. *Rice, supra.*

Judgment will therefore be given in favor of plaintiff, as prayed in the petition.

JONES (E. H.), J., and GORMAN, J., concur.