Washburn, P. J.
These cases are all before this court upon demurrers to the petitions. We will first take up the case of State, ex rel. Gaylord, v. Herdman.
It appears from the petition that the city of Cuyahoga Palls is a municipal corporation of about 1.0,000 inhabitants; that at the regular election in November, 1921, a mayor and other municipal officers were to be elected; that Gaylord was regularly nominated at the primaries as the Republican candidate for mayor, and no other nomination for that office was made at the primaries; that Herdman became a candidate for mayor, on what was known as a Citizens’ ticket, by filing a petition therefor; that the deputy state supervisors of the county accepted the petition, and, no objection being made thereto, placed Herdman’s name on the ballot as a candidate for mayor; that at the election he received a majority of the votes cast, and was in due time declared regularly elected and a certificate of election issued to him; and that he qualified and took office on January 1, 1922.
Neither his nomination nor election was contested under the statutes providing for such contests, and Gaylord did not attempt to qualify or *271 claim the effice, and nothing was done in reference to the matter by Gaylord until Herdman had been discharging the duties of the office with the full acquiescence of the public for about six months, and until after the Supreme Court had announced that there was no provision in the law for the nomination of candidates by petition in cities of more than 2,000 population.
Then suit was brought in this court by Gaylord, the same being a suit in quo warranto, in which no complaint is made concerning Herdman’s right to the office except that Herdman’s name was improperly placed on the ballot, because there was no law by which his name could be placed on the ballot by petition.
The prayer of the petition is that Herdman “be adjudged not entitled to hold said office, and that judgment of ouster therefore be pronounced against him, and that said relator (Gaylord) be adjudged entitled to said office and its franchises.”
As has been said, the matter is before this court on demurrer to the petition, the grounds of demurrer being that the petition does not state facts sufficient to state a cause of action and that this court is without jurisdiction to hear and determine the controversy.
It is claimed that as the statutes provide a means by which Gaylord could object to Herd-man’s name appearing on the ballot, and could later contest the election in the court of common pleas, he is bound to proceed under such statutes, and that therefore this court has no jurisdiction to try such matter in quo warranto proceedings.
In discussing this question, it should be borne in mind that the petition shows upon its face that *272 this proceeding is a contest of election between Gaylord and Herdman — simply that and nothing-more.
The next proposition which must be considered as settled beyond peradventure is that “elections belong to the political branch of the government and not to the judicial, and are not per se the subject of judicial cognizance, but are matters for political regulation.” State, ex rel. Gongwer, v. Graves, Secy. of State, 90 Ohio St., 311; Link v. Karb, Mayor, 89 Ohio St., 326; State, ex rel. Buel, v. Joyce, 87 Ohio St., 126, and State, ex rel., v. Harmon, 31 Ohio St., 250.
"While by the Constitution the judicial power of the state is vested in the courts, the absolute, unlimited and unqualified power over elections, being-political and not judicial, is vested in the Legislature by Section 21, Article II of the Constitution.
That section of the Constitution provides that “the General Assembly shall determine, by law, before what authority, and in wha.t manner, the trial of contested elections shall be conducted.”
In early times it was the practice for the Legislature to try all election contests itself, but now the Legislature has provided for the trial of most election contests by courts or other tribunals-.
But when the Legislature provides that a certain court shall try a certain class of election contests, it does not thereby confer judicial power upon the court, but simply confers a special power to try election contests which it might have conferred upon any branch of the government or body of men. Thompson v. Redington, 92 Ohio St., 101.
One other proposition, and the one that determines this case, is that when the Legislature has *273 conferred upon any court, or other tribunal, or other body of men, the power to try any class of election contests, the statutory proceeding so provided must be followed and is exclusive.
The Legislature has not conferred upon this court the specific power to try election contests of the character here involved. The Constitution, however, has conferred jurisdiction in quo warranto upon this court, and it has been held, that, where the Legislature has provided no other court or tribunal or body of men to try a given class of election contests, then this court has authority to inquire into the validity of such elections by proceedings in quo warranto. The question, then, is: Has the Legislature provided a court or tribunal before which contests of elections of the character here involved may be tried?
Section 5169, General Code, provides before what authority and in what manner the trial of contests of election of municipal officers shall be conducted. It provides that in cities, the contest of election of municipal officers, except members of council, shall be in the manner provided for contests of election of county officers.
And the Legislature has provided that the contests of election of county officers shall be “by appeal to the court of common pleas of the county.” Section 5148, General Code.
The Legislature has therefore conferred special power upon common pleas courts to try contests of election of mayors in cities.
“A specific mode of contesting elections in this state, having been provided by statute, according to the requirement of the constitution, that mode alone can be resorted to, in exclusion of the com *274 mon law mode of inquiry by proceedings in quo warranto. The statute which gives this special remedy, and prescribes the mode of its exercise, binds the state as well as individuals.” State, ex rel. Grisell, v. Marlow, 15 Ohio St., 114.
The proposition that where the Legislature has provided the authority before which a contest of election shall be tried, and the manner of trial, such remedy provided by statute is exclusive, is too well settled in this state to admit of doubt. Peck v. Weddell, 17 Ohio St., 271; State, ex rel. Ingerson, v. Berry, Jr., 14 Ohio St., 315; State, ex rel., v. Stewart, 26 Ohio St., 216; Dalton, etc., v. State, ex rel. Richardson, 43 Ohio St., 652; State, ex rel., v. McLain, 58 Ohio St., 313; State, ex rel., v. Berry, 47 Ohio St., 232; State, ex rel., v. O’Brien, 47 Ohio St., 464; Link v. Karb, Mayor, 89 Ohio St., 326, and Prentiss v. Dittmer, 93 Ohio St., 314.
The case cited and relied upon by Gaylord, the recent case decided by the Supreme Court, State, ex rel. Conner, v. Noctor, 106 Ohio St., 516, does not deny the soundness of the foregoing proposition. That was not a case in quo warranto, and the court in its opinion expressly states that inasmuch as the form of the remedy sought was not questioned the court would not consider that question. That case was not brought after the certificate of election had been issued to the successful candidate and he had duly qualified and had entered upon the discharge of his duties and had continued to occupy his office and discharge the duties thereof for more than six months; that was a proceeding in mandamus to compel the election board to count certain ballots, and the question decided in the majority opinion and discussed in *275 tiie dissenting opinions was whether or not the law provided for nominations by petition in cities of over 2,000 population, and not what would be the effect upon an election if a nomination was made in such and such a manner and was not objected to and the party so nominated was declared elected and entered upon and discharged the duties of the office for six months before suit or contest was brought.
In that case the relief sought by the relator was denied, and our judgment is that that case might very well have been determined upon the very proposition which we feel controls us in this ease. In a case decided by the Court of Appeals of the Eighth District, in Cuyahoga county, in September, 1920, the case of State, ex rel. Crosser, v. McDonough, No. 2760, the Court of Appeals followed the decisions above cited, and the Supreme Court refused to review the case. That is an unreported case, but a copy of the opinion is available in our library.
We are clearly of the opinion that the Legislature having provided a remedy by which Gaylord could try his election contest in the court of com mon pleas, we are without authority to inquire into the validity of such election in this quo warranto proceeding, and that therefore the petition does not state facts sufficient to constitute a cause of action. The demurrer is therefore sustained.
The same reasoning applies to the case against Geo. W. Coble, solicitor, and a like entry may be made in that case.
As to the cases in reference to the election of couneilmen, there are two classes of cases involved.
It appears from the petitions that three of the *276 councilmen, who were in like manner nominated and declared elected, duly qualified and entered upon the duties of the office to which they were elected; it also appears that they afterwards resigned and the council elected others to succeed them, and some of the contests here are against those three who were elected by the council.
As to this class it is to be observed that the validity of their election by the council is challenged only on the ground that the councilmen who elected them were themselves not duly elected councilmen.
The electing councilmen were at least de facto officers. Their names were placed upon the ballots as candidates for lawfully and regularly established offices; they received a majority of the votes east; they were given certificates of election by the regular election officials ; they qualified and assumed the duties of office without the least objection or opposition from the public or any member thereof, not even the plaintiffs in these actions. Since then these acting councilmen have occupied offices created by law, and have daily discharged duties affecting the rights of the city and private rights of individuals.
If they be treated as mere usurpers and trespassers, their every official act would be a nullity, and interminable confusion would follow; but the law wisely holds that under the' circumstances stated, they, being the only persons claiming to be acting as such councilmen, and being generally and publicly known and acknowledged as such, to the exclusion of all others, became at least de facto officers; and it is well settled that their official *277 acts, as against collateral attack, are as binding as if there was no question about their election.
While so acting, their vote for the election of the new members of the council was perfectly legal and binding — the same as were their votes in transacting the regular and ordinary business of the city.
In a very early case in Ohio, it appears. that a clerk of courts was elected by certain men who were acting as judges, but who were afterwards found to have no right to so act. After it was de termined by the Supreme Court that they had no right to act as such judges, a proceeding in quo warranto was brought to oust the clerk who had been elected by them at a time when they did not in fact have a right to act as judges. In that case the Supreme Court held that while they were acting under color of right, and were actually discharging the duties of the office with the full and complete acquiescence of the public, they were defacto officers, and that so far as the community, or third persons, were concerned, neither the validity of their appointments nor judgments could be gainsaid or denied, and the facts appearing upon the face of the petition in that case, as they do in the cases here, a demurrer was sustained. State,ex rel. Whitbeck, v. Alling, 12 Ohio, 16.
The rule is well settled that the title of the officer de facto, and the validity of his acts, cannot be collaterally questioned in proceedings to which he is not a party. State, ex rel. Newman, v. Jacobs, 17 Ohio, 143; Ex parte Strang, 21 Ohio St., 610; Smith v. Lynch, Treas., 29 Ohio St., 261: State v. Gardner, 54 Ohio St., 24; State, ex rel. Herron, v. Smith, 44 Ohio St., 348, at page 368; *278 Town of Plymouth v. Painter, 17 Conn., 585, 44 Am. Dec., 574; Attorney General v. Crocker, 138 Mass., 214; Brown v. Flake, 102 Gra., 528, 29 S. E., 267; Stiess v. State, 103 Ohio St., 33.
In the cases of Sanger, Weaver and Herrick, it appears upon the face of the petitions that they were elected by councilmen whose authority to so elect cannot be questioned in this proceeding by the plaintiffs in these cases, and therefore in none of the petitions are facts stated sufficient to constitute a cause of action, and the same entry may be made in those cases as in the others.
The other class of cases involving the election of councilmen are those against councilmen who were in like manner nominated and declared elected, and who qualified and entered upon the discharge of the duties of the office and are still serving. As to these, the statute provides that the contest of their election shall be before the council, and the reasons heretofore given for sustaining the demurrers in the cases of the mayor and city solicitor apply. The statute having provided the remedy, that remedy must be followed. In these cases each petition must be judged by its own allegations, and so judged it does not appear that the remedy provided by statute would be inappropriate or inadequate.
The suggestion made in argument that such remedy would have been inadequate, because all but one of the councilmen were alike usurpers of office, is unavailing, for the reason that no such facts are alleged in these petitions.
An entry may be made in all these cases sustaining the demurrers on the ground that in each *279 case the petition does not state facts sufficient to constitute a cause of action.

Demurrers sustained.

Pardee and Funk, JJ., concur in judgment.