### No. 763

### JONES v. BETHEL

Ohio Appeals, 4th Dist., Hocking Co.

Decided Oct. 28, 1925

**445. EASEMENTS**—Where a single tract of land is divided, and where prior to its partition there was a private way thereon, which reaches part of one portion of the divided tract over the other portion, the grantee of the portion to which the way runs has a right to such way by implied grant where it is reasonably necessary to the enjoyment of his portion and materially adds to the value thereof.

MIDDLETON, J.

Jones, on appeal, sought to enjoin Wm. Bethel from obstructing a certain private roadway. It seems that the plaintiff's 110 acre tract, lying to the south, and defendant's tract, at one time comprised a single body of land owned by one Scott. Scott during his ownership maintained and used the private way in the operation of the land; and it has since been used as a way to plaintiff's farm which it reaches by successors in title to Scott.

It seems that after Scott, the property was held by Albert and Joshua Bethel, but this tenancy in common was later dissolved and Albert Bethel acquired the tract now owned by plaintiff, Joshua retaining the land owned by defendant, the present owner. The Court of Appeals held:

1. The manner in which the whole tract was divided and the fact that at that time the road in question was open and in use by

both of the then owners of the single tract, impels the conclusion that there was established an implied grant of this way.

2. Where a private way is constructed from one part of a single tract of land to another part thereof, and is in continuous use, and reasonably necessary to the enjoyment of that part of the land to which it has been constructed; if the owner divides the single tract and gives to one party the part with the way to it and gives to another party the part with the way over it, each takes his part to be held as it existed at the time of the division, one taking by an implied grant and the other taking subject to such way as an easement to the first part. 56 OS. 463.

3. The situation, when the land was partitioned as between Albert and Joshua Bethel, constitutes the operative facts to support the claim of a grant by implication.

4. "The question of whether a roadway is reasonably necessary to the enjoyment of premises conveyed is one that must be determined from the conditions existing at the time of the conveyances." 89 OS. 311.

5. The test of reasonable necessity for the way in question is all that may be made in this case.

6. It is the conclusion of the court that wren Albert Bethel took his part of the entire tract, which was reached by the way, it was reasonably necessary to the enjoyment of that part of the land, and that it added to its value; and was therefor conveyed to Albert by implied grant in the deed from Joshua Bethel.

Decree for Plaintiff.

Attorneys—Pettit & Pettit for Jones; Edwin D. Ricketts and H. E. Sparnon for Bethel; all of Logan.