# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

### No. 603

**BOARD OF ELECTIONS (MONTGOMERY CO.) et v. HENRY**

Ohio Appeals 2nd Dist. Montgomery Co.

No. 765.    Decided June 4, 1927.

448. ELECTION—Where voter writes name of candidate in appropriate space on ballot as provided in 5070-6 GC., and fails to add cross mark, vote must be counted for party whose name is so written.

Election contest in Common Pleas. Judgment for contestant. Error to Common Pleas. Judgment affirmed.

**First Publication of this Opinion**

BY THE COURT.

Ervin B. Palmer was candidate for Republican committeeman. His name was printed on the ballot. Frank R. Henry was also a candidate, and his name was written on the ballots, in the appropriate space, by certain voters. The vote as counted stood Palmer 257, Henry 246. In addition, there were twenty ballots containing the name of Frank R. Henry written in the proper place, but without the cross marks. These ballots were sent to the Board of Elections as uncounted ballots. The disputed ballots controlled the election. If they were not proper to be counted, Palmer was elected. If they should have been counted, Henry was elected.

The Court of Common Pleas counted the disputed ballots in favor of Henry and declared that he was elected.

Section 5070-6 GC. provides.

"If the elector desires to vote for a person whose name does not appear on the ticket, he can substitute the name by writing it in black lead pencil or black ink in the proper place and making a cross mark in the blank space at the left of the name so written." This section also provides: "No ballot shall be rejected for any technical error which does not make it impossible to determine the voter's choice."

This is a statutory declaration for a liberal interpretation of the ballot in favor of the voter, and we are not without authority upon the doctrine of favorable construction. Dittrick v. Andrews et, 7 Ohio App. 371; Dittmer v. Prentiss, 92 OS. 101; Richwood v. Algower, 95 OS. 268.

The recent case of Devine v. State ex rel, 105 OS. 288, is cited to support the doctrine of strict construction. The scope and application of this syllabus must be confined to the case there under consideration.

In deciding this question we have no hesitancy in declaring that the voter, by writing the name of the candidate in the appropriate space on the ballot, clearly indicates his intention to vote for the person whose name he has written, and that the failure of the voter to add the cross-mark is a technical error. We therefore hold that it was the duty of the Board of Elections to canvass and count said disputed ballots for Henry, and to issue a certificate accordingly.

Judgment affirmed.

(Ferneding, Kunkle and Allread, JJ., concur.)

Attorneys—Ralph E. Hoskot, Pros. Atty., Rolla M. Galloway, Asst. Pros. Atty., for Board of Elections; Kusworm & Shaman for Henry; all of Dayton.

### No. 604

### BACON In Re

Ohio Appeals, 1st Dist., Butler Co.

No. 362.    Decided May 2, 1927.

799. MUNICIPALITIES—448 Elections—General Assembly has not provided for contest of election for adoption of city charter.

**First Publication of this Opinion**

PER CURIAM.

This action was instituted by an elector of the City of Hamilton, seeking a contest of an election on the question submitted to the electors of the City, "Shall the Proposed Charter, as reported by the Charter Commission of the City of Hamilton, Ohio, be adopted?"

A demurrer to the petition was filed by the contestees. The trial court, upon hearing, sustained the demurrer, finding there was no law providing for such a contest.

Section 21 Article II of the Ohio Constitution provides:

"The General Assembly shall determine by law before what authority and in what manner the trial of contested elections shall be conducted.'

The duty, therefore, of making provision for the contest of such elections is placed upon the legislature by the Constitution of the State. Link v. Karr, 89 OS. 326.

It is claimed that such authority is granted under 5169-4 GC. This section provides for contest in referendum elections. No process of interpretation or reasoning could possibly bring the election in question within the meaning of the term referendum, as defined in the Constitution.

Nowhere has the legislature provided for the contest of a vote for the adoption of a charter, submitted by a Charter Commission of a municipality.

The trial court was correct in dismissing the petition.

Judgment affirmed.

(Hamilton, PJ., Cushing and Buchwalter, JJ., concur.)

Attorneys—J. B. Connaughton for plaintiff in error; Harry J. Koehler, Jr., for defendant in error.