STATE ex FORGEY v DAVIS, et

Ohio Appeals, 4th Dist, Lawrence Co
Decided April 9, 1930

A. Z. Blair, Portsmouth, for relator.
A. J. Layne, Ironton, for respondents.

**BY THE COURT**

There is no statutory provision in Ohio, or was not at the time the election in question was held, for contesting the election of members of the board of education of a county district. It has·been determined in this state that where no statutory proceeding for contesting an election is provided that an action in quo warranto lies. **State, ex rel v. Patterson, 84 OS. 89.** The doctrine of this case was reiterated in **Link v. Karb, 89 OS. 326, 348,** and in **Prentiss v. Dittmer, 93 OS. 314, 322.**

It has been argued in this case that this court in an action of this kind sits as a commission and is limited in its powers by statutes referred to. This position is not sound. It has been held that under the statute passed for contesting elections pursu-· suant to Article II, Section 21, of the Constitution this court acts as a commission rather than in a judicial capacity. By Article IV of the Constitution, however, both the Supreme Court and the Court of Appeals are given original jurisdiction in quo warranto and the same language is used in conferring jurisdiction on both these courts. The jurisdiction of the two courts is therefore complete and equal, and this court has all the jurisdiction that any court has in a proceeding of this kind.

The demurrer to the petition is overruled

The relator will be required to give security for costs by filing a bond in the sum of five hundred dollars, with sureties to the satisfaction of the clerk of this court.

The respondents are given leave to answer within ten days after the costs have been secured as required hereby.

A like disposition, of course, is made of the demurrers in the companion cases.

Middleton, PJ., Mauck and Blosser, JJ., concur.