HUNT and Wife *v.* JENNINGS.

Whenever a statute from which a Court derives its jurisdiction in particular cases is repealed, the Court cannot proceed under the repealed statute even in suits ponding at the time of the repeal, unless they are saved by a clause in the repealing statute.

ERROR to the *Warren* Circuit Court.

BLACKFORD, J.—*Jennings* filed a bill in chancery against *Hunt* and wife, on the 22d of *February*, 1838, in the *Warren* Circuit Court. The object of the bill was to obtain a decree for the sale of certain mortgaged lands situate in *Jasper* county. At the *October* term, 1838, the defendants moved for a dismission of the suit, on the ground that the Court had no jurisdiction of the cause, but the motion was over-ruled. At the same term, a final decree was rendered for the complainant.

The question of jurisdiction is the only one in the cause.

In 1835, the boundaries of *Jasper* county were designated, and that part of it in which the lands in question lie, was attached to *Warren* county. Stat. 1835, pp. 46, 86. On the 17th of *February*, 1838, a statute passed, declaring that from the 15th of *March* next following, *Jasper* county should have the jurisdiction of an independent county, &c., but that "the statute should not affect any legal process commenced prior to the passage of the same." Private Acts, 1838, p. 268.

The statute of 1838 is a virtual repeal of that of 1835, as respects the jurisdiction of the *Warren* Circuit Court within the boundaries of *Jasper* county, after the 15th of *March*, 1838, except as to suits commenced before the 17th of *February*, 1838. It follows, that as the bill before us was filed after the 17th of *February*, 1838, and the decree rendered after the 15th of *March* following, the Court had no jurisdiction at the time of the decree. The authority of the Court ceased upon the repeal of the statute which conferred the authority.

We acted upon this principle in dismissing several suits at the last term. By the statute of 1831, a cause which had originated before a justice of the peace, and had been taken

by appeal to the Circuit Court, might be brought to this Court by a writ of error or appeal, if the amount in controversy, *inclusive* of interest and costs, amounted to 20 dollars. The statute of 1838 deprived us of jurisdiction in such cases, unless the amount in controversy, *exclusive* of interest and costs, amounted to 20 dollars. The cases which had been brought up under the statute of 1831, and did not come within that of 1838, were dismissed for want of jurisdiction.

The law governing all such cases is this: ' Whenever a statute from which a Court derives its jurisdiction in particular cases is repealed, the Court cannot proceed under the repealed statute even in suits pending at the time of the repeal, unless they are saved by a clause in the repealing statute. *Miller's* Case, 1 Will. Blackstone's Rep. 451.—Case of *Hatfield* township, 4 Yeates, 392.— *Yeaton et al.* v. *The United States,* 5 Cranch, 281 (1).

*Per Curiam.*—The decree is reversed with costs. Cause remanded, &c.

*A. S. White* and *R. A. Lockwood,* for the plaintiffs.

*W. M. Jenners, C. Fletcher,* and *O. Butler,* for the defendant.

(1) Vide *Commonwealth* v. *Marshall,* 11 Pick. 350.—*Commonwealth* v. *Kimball,* 21 id. 373.—*Butler* v. *Palmer,* 1 Hill, 324.