Filed April 4, 1890.

<hr/>

No. 14,020.

## MAYNE *v.* THE BOARD OF COMMISSIONERS OF HUNTINGTON COUNTY.

GRAVEL ROAD.—*Conversion of into Free Road.*—*Proceedings Instituted under Act of 1883.*—*Effect upon of Act of 1885.*—Where proceedings were instituted under the act of March 8th, 1883, for the purpose of converting a certain toll road into a free gravel road, and appraisers were appointed as required by the above act, but their report was not submitted until after the act of April 13th, 1885, amending certain sections of the act first above referred to had taken effect, it was not necessary that new proceedings should be instituted. It was only necessary, in so far as the mode of procedure was changed by the new act, that the proceedings should thereafter conform to that law.

JURISDICTION.—*Pendency of Action.*—*Passage of New Law During.*—*How Proceedings Affected Thereby.*—Where the new law is a substantial re-enactment of the old, merely changing modes of procedure, but not changing the tribunal or the basis of the right, and when it takes effect simultaneously with the repeal of the old, it must be presumed, even without an express saving clause, that the Legislature intended that proceedings instituted under the old law should be carried to completion under the new. The jurisdiction continues under the forms directed by the latter act, in so far as the two acts are different.

From the Huntington Circuit Court.

*L. P. Milligan* and *O. W. Whitlock,* for appellant.

*J. B. Kenner* and *J. I. Dille,* for appellee.

MITCHELL, C. J.—This was a suit by Charles Mayne against the board of commissioners of Huntington county, the object of which was to enjoin the county from issuing its bonds, in order to raise funds for the purchase of a gravel road, which the board of commissioners was about to acquire, and also to restrain the board from levying an assessment on the plaintiff's land, in connection with the contemplated purchase of the road.

It appears from the complaint that on the 2d day of March, 1884, proceedings had been regularly instituted according to the provisions of the act approved March 8th, 1883 (Acts of 1883, p. 183), for the purpose of converting a certain toll road into a free gravel road. Appraisers were duly appointed on the 10th day of September, 1884, as required by the above-mentioned act, but their report was not submitted until the 4th day of June, 1885, at which time the act of April 13th, 1885 (Acts of 1885, p. 209), amending certain sections of the act first above referred to, had taken effect. It is averred that the report was subsequently confirmed, and that the board of commissioners made an order for the purchase of the road, and appointed viewers to apportion the benefits to the adjoining lands, and that the viewers had apportioned a sum named to be assessed upon the plaintiff's land.

The position of the appellant is that, although the proceedings were properly instituted under the act of 1883, the amendatory act of 1885, which came into force without any saving clause, pending the proceedings, superseded or repealed the prior act, thereby leaving the court without jurisdiction to proceed further in that case, and rendering all its subsequent proceedings *coram non judice* and void.

This view is not maintainable. It is, of course, a familiar general rule, where a right or remedy which did not exist at

the common law is founded solely on a statute, that the unqualified repeal of the statute before the right has become vested, or the remedy perfected, abrogates the right and deprives the court of all jurisdiction to proceed further in administering the remedy.

When jurisdiction over a subject-matter or special proceeding depends upon an act of the Legislature, if the act be repealed before the proceeding is terminated, the jurisdiction falls to the ground of necessity. *Stephenson* v. *Doe*, 8 Blackf. 508; *Roush* v. *Morrison*, 47 Ind. 414; *Hampton* v. *Commonwealth*, 19 Pa. St. 329; Endlich Interp. Statutes, section 480.

Where, however, the new legislation does not impair, or take away, the previously existing right, nor deny a remedy for its enforcement, but merely modifies the proceedings while providing a substantially similar remedy, the jurisdiction continues under the forms directed by the later act, in so far as the two acts are different. *Bates* v. *Sheets*, 64 Ind. 209; *Moss* v. *State, ex rel.*, 101 Ind. 321; *Knoup* v. *Piqua Bank*, 1 Ohio St. 603; *Hickory Tree Road*, 43 Pa. St. 139; *Uwchlan Township Road*, 30 Pa. St. 156; Endlich Interp. Statutes, section 482.

Accordingly, where, after proceedings had been instituted for the laying out of a road, the statute in force at the time requiring six viewers to be appointed, an act was passed repealing the former law and substituting three viewers for six, but not otherwise substantially changing the law, it was held that the proceeding might be perfected under the new law. *Hickory Tree Road, supra.*

It may be conceded, where one or more sections of a statute are amended in the mode prescribed by the constitution, that the amended sections cease to exist, and the sections as amended are, in effect, incorporated into the original act; but where the new law is a substantial re-enactment of the old, merely changing modes of procedure, but not changing the tribunal or the basis of the right, and when it takes

effect simultaneously with the repeal of the old, it must be presumed, even without an express saving clause, that the Legislature intended that proceedings instituted under the old law should be carried to completion under the new. *Gorley* v. *Sewell,* 77 Ind. 316 ; *Mulcahey* v. *Givens,* 115 Ind. 286.

In such a case, although the law finds expression in the amended act, so far as the latter is nothing more than a re-enactment of a former statute, the old law is deemed to have been newly continued in force. *Cordell* v. *State,* 22 Ind. 1 ; *Martindale* v. *Martindale,* 10 Ind. 566 ; *Cheezem* v. *State,* 2 Ind. 149.

By the act of March 8th, 1883, the board of commissioners of any county in this State was authorized, upon proper petition, to order the appraisement, purchase, and conversion of any toll road into a free gravel road, and a mode of procedure was provided for ascertaining the value of the road, and of apportioning the cost upon the adjoining landowners. The amendment of April 13th, 1885, continues in force the same power in the respective county boards, but makes some changes in the mode of procedure, and within the principles above enunciated the jurisdiction of the board over pending proceedings was in nowise affected by the amendment. It was only necessary, in so far as the mode of procedure was changed by the new act, that the proceedings should thereafter conform to that law. It was not necessary that new proceedings should be instituted, because the steps required to be taken under both acts in order to confer jurisdiction upon the board were substantially the same. There was no error.

The judgment is affirmed, with costs.

Filed April 4, 1890.