FENWICK *v.* STATE OF INDIANA.

[No. 24,644.   Filed January 22, 1929.]

*Leffler, Ball & Leffler* and *A. E. Needham,* for appellant.
*U. S. Lesh,* Attorney-General, and *Mrs. Edward Franklin White,* Deputy Attorney-General, for the State.

MYERS, J.—Appellant, by an affidavit made by the sheriff of Delaware County, was charged, tried by a jury and convicted of offering the sheriff a bribe. §2579 Burns 1926, §2378 Burns 1914, Acts 1905 p. 584, §477.

This statute, in so far as it is material to this case, provides that "Whoever corruptly gives, promises or offers to any . . . person holding any office of trust or profit under the laws of this state, or any officer intrusted with the administration of justice, . . . any money or valuable thing . . . to influence his action, vote, opinion or judgment in any matter pending or that might legally come before him . . . shall, on conviction," etc.

Appellant's motions—(a) To quash the affidavit; (b) to require the coroner of Delaware County to select talesmen for the jury; and (c) for a new trial, were each separately overruled and separate errors are here assigned upon each of these rulings.

The affidavit, in substance, states that on April 25, 1923, Harry E. Hoffman was the duly-elected, qualified and acting sheriff of Delaware County, and, as such sheriff, was then and there charged with the selection of talesmen for the petit jury then and there about to be called to try the pending case of the State of Indiana against Vonnie Fenwick, charged with the unlawful sale of intoxicating liquor, which case was on that day assigned for trial before a petit jury in the Delaware Circuit Court, as Fenwick then and there well knew; that,

with such knowledge, and before the jury was selected to hear and determine the charge, "Vonnie Fenwick did then and there unlawfully, feloniously and corruptly offer to pay Harry E. Hoffman, as such officer and sheriff," $50, "with the corrupt purpose and intent then and there to influence the official action of Harry E. Hoffman as such officer and sheriff to obtain talesmen to serve as jurors on said petit jury in said cause who would not return a verdict of guilty against him."

First, it is insisted that the affidavit is defective in that it fails to state: (1) That an affidavit or an indictment was pending in the Delaware Circuit Court charging the appellant with the unlawful sale of intoxicating liquor; (2) that he was on trial for such charge; and (3) that he had been arrested on a warrant issued on such affidavit or indictment.

The affidavit is sufficiently explicit to withstand the three objections urged against it. First, it informed appellant that in the Delaware Circuit Court he was charged by the State of Indiana with the unlawful sale of intoxicating liquor. Being thus charged, he was presumed to know, as a matter of law, that such accusation could only be presented by an indictment or affidavit. §§2201, 2205 Burns 1926. Second, while it does not appear from the affidavit that appellant was actually on trial for the offense mentioned, yet he was thus apprised that, at the time of offering the sheriff $50, he knew that, on that day, for the offense stated, he was to be tried, and that the sheriff, as such officer, was then engaged in securing talesmen for a petit jury to try him. The purpose for making the offer is also stated. Hoffman, as sheriff of Delaware County, was an officer within the meaning of §2579, *supra*. For aught appearing, he was engaged in the performance of an official duty assigned to him in furtherance of the administration of justice. The gist of the offense, as set forth in the affidavit, is the

corrupt purpose expected or intended to result from the giving, promising or offering a bribe, which the statute condemns and provides a punishment. Hence, we hold that it was unnecessary to allege that such offender "was on trial" at the time the alleged overt act occurred. Third, for the purposes of this case, it is immaterial whether appellant, at the time of making the alleged offer, was under arrest upon a warrant issued upon an indictment or affidavit charging the unlawful sale of intoxicating liquor.

Appellant's verified motion to have the coroner select the talesmen for the petit jury was presented to the trial court on the same day, December 18, 1923, but prior to the calling of the jury to try him. This motion rested upon the theory that as Harry E. Hoffman was then sheriff, and the officer whom it is alleged appellant sought to influence by the offer of money, and a witness who will testify to such offer, he was therefore interested in the result of the prosecution, and, for that reason, disqualified from calling talesmen for the petit jury. Appellant relies upon that part of the statute which provides that: "The coroner shall perform the duties of the sheriff in cases where the sheriff is interested, absent or otherwise incapacitated from serving." §11867 Burns 1926.

Prior to 1881, sheriffs of this state had considerable discretion in the selection of petit jurors, but since that time and now, by virtue of statutory regulation, their field of operation has been practically reduced to the minimum, and especially when the trial courts follow the statutory mandate which, in effect, gives the sheriff no discretion in summoning a jury or the order in which they should be called for service. We take judicial notice of these statutes, and, in the absence of a showing to the contrary, we must assume that the jury to try appellant was impaneled strictly in accordance with the law governing trials to a jury in the

Delaware Circuit Court. §§580, 1822-1829 Burns 1926. However, should a situation arise as indicated by §§1824, 1825, 1826, *supra,* there might be an opportunity for a sheriff to exercise a discretion which would be inimical to the defendant's constitutional right to be tried by an impartial jury. Art. 1, §13, Constitution of Indiana. But there is no showing in this case that in the calling of talesmen the sheriff had any discretion whatever. In the instant case, the state (not the sheriff) and appellant were the parties to the action called for trial in the Delaware Circuit Court. True, the offer to bribe was made to the sheriff who was the prosecuting witness. Appellant's plea of not guilty was a denial of the offer to bribe, and a fact to be tried by the jury. It cannot be doubted that, at common law, Hoffman would have been disqualified because of the wide field allowed the sheriff in the selection of a jury. *Cowgill* v. *Wooden, Sheriff* (1830), 2 Blackf. (Ind.) 332; *State* v. *Powers* (1896), 136 Mo. 194, 37 S. W. 936; *Commonwealth* v. *Pascoe* (1909), 39 Pa. Sup. Ct. 163. Had there been a showing in the instant case of any personal advantage to Harry E. Hoffman through the conviction of the defendant, appellant here, or that his interest was more than any other citizen, or that he, as sheriff, was permitted to exercise his discretion in calling talesmen, or a showing of prejudice against the defendant, and discretion in the exercise of his official acts, if first submitted to the trial court, would present an entirely different case from the one at bar. *Mabry* v. *State* (1888), 50 Ark. 492, 8 S. W. 823. The mere fact that Hoffman made the affidavit under the circumstances shown, would not necessarily disqualify him from calling jury talesmen.

We will next look to appellant's insistence in support of his motion for a new trial. The causes to which we

will first give attention are, that the verdict is contrary to law and not sustained by sufficient evidence.

Hoffman testified that while he was engaged in calling talesmen for a petit jury in the Delaware Circuit Court to try appellant charged with a liquor law violation, he said to him, "Harry, I have got fifty for you if you make this jury right," and that he replied, "No, Vonnie, I don't do business that way."

Appellant contends that since there was no evidence that any money was tendered or exhibited to the sheriff, or explanation of what was meant by the word "fifty," the verdict was without evidence to sustain it. This contention is based upon the case of *State* v. *Harker* (1847), 4 Harr. (Del.) 559, and one definition given by Webster of the word "offer"—"to present for acceptance or rejection." Hence, it is argued that the word "offer," as used in the statute and as generally understood, contemplates a tender or exhibition of the bribe for the officer to accept or reject. The case of *State* v. *Harker*, *supra*, is authority for appellant's contention, but we decline to follow it. In our opinion, the present trend of authority is, under many circumstances, against limiting the words "to offer a bribe" to the one definition— to present it for acceptance or rejection. Moreover, the question before the court in that case did not necessarily bring to its attention the question as we have it, or as presented in other jurisdictions where a different conclusion was reached.

By statute, (§§247, 248 Burns 1926) and all rules of statutory construction, courts are required to give the words composing statutes their plain or ordinary and usual meaning, except technical words and such as clearly appear to be used in a technical sense. *Boyer* v. *State* (1908), 169 Ind. 691, 83 N. E. 350; *State* v. *Pence* (1909), 173 Ind. 99, 89 N. E. 488; *McHale* v. *Board, etc.* (1913), 180 Ind. 390, 103 N. E. 321. But these rules,

in their last analysis, merely require courts to read and interpret particular words of a statute in connection with the language in which they are used, and with the thought of legislative intention and the legislative purpose sought to be accomplished.

The outstanding feature in §2579, *supra*, and the practice sought to be eradicated, is the act of corruptly influencing the behavior in office of an officer, in the instant case, the sheriff. In order to secure this result, whoever gives, or corruptly promises, or corruptly offers to do any of the things in the statute mentioned, to secure the thing condemned, is subject to punishment, regardless of the outcome of his efforts.

In the present case, the evidence shows an offer—readiness to perform—or, according to Bouvier, "A proposal to do a thing." 3 Bouvier's (3rd Rev.) 2399. Hence, we hold that it was unnecessary to allege or prove the actual tender or exhibition of any money or other valuable thing in order to constitute the offense with which appellant was charged, or to sustain a finding of guilty. *State* v. *Miller* (1904), 182 Mo. 370, 382-385, 81 S. W. 867; *State* v. *Woodward* (1904), 182 Mo. 391, 408, 81 S. W. 857, 103 Am. St. 646; *People* v. *Ah Fook* (1881), 62 Cal. 493; *State* v. *Barr* (1909), 7 Pennewill (Del.) 340, 348, 79 Atl. 730.

As far as the word "fifty" is concerned, it seems to have been taken for granted, and it may be well understood and generally known by the people of Delaware County, that the word "fifty," when used in a statement like that made by appellant, means $50 in money. The affidavit of Hoffman so charged, and the jury, by its verdict, so found, which was within its province to do. In view of the foregoing, we are not persuaded to say that the jury's conclusion of what appellant intended by the word "fifty" in his statement was unwarranted, or was not a proper inference to be drawn.

During the impaneling of the jury, and after appellant had exhausted his peremptory challenges, Sheriff Hoffman was permitted, over appellant's objection, to call talesmen. This ruling is assigned as a cause for a new trial. No additional showing of interest, or opportunity for the exercise of discretion, or prejudice was interposed by the objection over that included in the motion to which we have already given attention, and further discussion seems unnecessary.

By certain instructions tendered by appellant, and by exceptions to instructions given by the court upon its own motion, our attention is again called to the necessity for the evidence to show a tender of a bribe as a necessary element of the offer to warrant appellant's conviction. The question thus in different ways presented has been considered and decided adversely to appellant's contentions.

It was not error to refuse appellant's tendered instruction No. 6, which would have authorized the jury to assess the penalty fixed by §2621 Burns 1926, which was not the penalty prescribed for the offense with which he was charged.

Appellant insists that his tendered instruction No. 5 should have been given for the reason that the evidence in the case tended to prove a promise to pay the sheriff and not an offer to pay. The reason suggested is not well taken.

An exception was reserved to instruction No. 19 given by the court upon its own motion, which told the jury that in case it found appellant guilty, it was the province of the court to fix and assess the punishment. There was no error in giving this instruction.

Judgment affirmed.