INDIANA STATE BOARD OF MEDICAL REGISTRATION AND EXAMINATION ET AL. *v.* SEULEAN.

[No. 27,513. Filed December 8, 1941. Rehearing denied January 5, 1942.]

322

*George N. Beamer,* Attorney General, *Walter O. Lewis,* Deputy Attorney General (*Thomas Longfellow,* of Fort Wayne, of counsel), for appellants.

*Faust, Faust & Faust,* of Indianapolis, for appellee.

*Earl C. Townsend, Jr.,* of Indianapolis, *amicus curiae.*

ROLL, J.—This is an appeal from a final judgment of the Marion Superior Court which judgment reversed the finding and order of the appellant board in refusing to grant to appellee a license, without examination, to practice podiatry. The sole question presented by this appeal is whether, under the facts presented, appellee is entitled to a license to practice the profession of podiatry without an examination, under the provisions of ch. 8, p. 15, Acts 1925, § 63-1401—§ 63-1409, Burns' 1933, § 13309—§ 13317, Baldwin's 1934. Section 1 of this act defines the terms podiatry and podiatrist. Section 2 makes it unlawful for any person to practice podiatry without first obtaining from the State Board of Medical Registration and Examination a license authorizing

such person to practice podiatry in this State. Section 3 of said act provides for the appointment of the podiatry examiners and for the examination of applicants. It further prescribes the qualifications of applicants for examination.

The controversy herein grows out of the proviso provision of said section 3 of the acts, which proviso reads as follows:

> "*Provided, further,* That all podiatrists, actively engaged in the practice of podiatry one [1] or more years prior to the taking effect of this act, and was [who were] practicing in Indiana on December 1st, 1922, whether graduates of any accredited school of podiatry or not, shall upon furnishing proof thereof to said board, and upon payment of a fee of twenty-five dollars [$25.00] be entitled to a license without examination; and applications for such license shall be filed not later than the first day of January, 1924."

The facts in the case are in most part indisputed. Appellee admitted that his application for a license to practice podiatry without an examination was filed with the appellant board on June 27, 1939, and the indisputed evidence so shows. The Board of Medical Registration and Examination refused the application on the ground that, under the provisions of said act, they had no authority to issue a license to practice podiatry without an examination, upon an application filed in 1939.

Appellee seeks to avoid this contention by showing the particular facts in this case. The evidence shows that in September, 1925, he went to the office of appellant board for the purpose of obtaining information to secure a license to practice podiatry without an examination; that he talked to Mary Lucy Campbell, clerk of Board of Medical Registration and Examination. She testified that her duties as clerk of said board were

that of stenographer and to answer questions, and give information to the public as it came in; that she received her instructions from Dr. William T. Good, executive secretary of the board; that appellee came to the office in 1925, to inquire what he should do to secure a license to practice podiatry without examination. Said clerk told him that the form of application blanks had not been arranged by the medical board and that she had none to offer him. She testified that she had been instructed by the secretary of the board to tell applicants when they made inquiry, that they should proceed with their practice until such time as they might be interfered with or questioned, and that was the information she gave appellee.

Appellee left the office and made no attempt to secure a license until 1935, at which time some practicing podiatrist told him he could not practice until he obtained a license. He then filed his first application which was denied. He afterwards filed his second application in 1939.

It is the contention of appellee that the act here in question is null and void, because it was impossible to comply with the provisions thereof, in that the act required all applications to practice podiatry without examination to be filed on or before January 1, 1924, and the act was not passed until 1925, and did not take effect until April 25, 1925.

In the briefs filed by an *amicus curiae,* it is asserted that the act here in question was introduced in the Legislature of 1923, and was vetoed by the Governor after the session was adjourned. That it was again introduced in the 1925 session of the General Assembly and passed over the Governor's veto. If these facts be true, it would account for the dates contained in the proviso provision in § 3 of said act. There is, however,

no evidence in the record concerning the history of this act.

In support of his contention, appellee cites *Brown* v. *State* (1909), 137 Wis. 543, 119 N. W. 338, and *Meade* v. *Lamarche* (1912), 134 N. Y. Supp. 479, 481, but these cases do not support appellee's proposition, and are not applicable to the facts in this case. We agree with the law as stated in the above cases.

If the requirements of the whole act were impossible of compliance, then appellee's cases would be in point; but this is not true of the present statute. The only part of the act which appellee contends is impossible to comply with relates only to the proviso above quoted which permits the issuance of a license to applicants without an examination, provided said applications are filed before January 1, 1924, a date already passed, and therefore no applications could be filed before January 1, 1924. Granted that appellee's contention is correct, such a holding by this court could have no other effect, than to strike from the statute said proviso contained in section 3 of said act.

In *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7, it was held that, if the elimination of an invalid portion of an act will leave the remainder complete in itself, sensible and capable of being executed against all alike, the remainder will be enforced. The same question was presented and the same result reached in *Swartz* v. *Board, etc.* (1902), 158 Ind. 141, 63 N. E. 31; *Smith* v. *McClain* (1896), 146 Ind. 77, 45 N. E. 41; *City of Indianapolis* v. *Bieler* (1894), 138 Ind. 30, 36 N. E. 857.

The purpose of the proviso in section 3 of the above act was to grant to certain persons upon application

filed, a license to practice podiatry without an examination as to qualifications. The Legislature has the power to grant such a concession, or to withhold it, and to require all persons engaged in the practice of podiatry to first obtain a license by examination if it sees fit to do so. In *Wilkins* v. *The State* (1888), 113 Ind. 514, 515, 16 N. E. 192, the court quotes from Tiedeman Limitations of Police Power, § 87, p. 200 as follows:

" 'Where the successful prosecution of a calling requires a certain amount of technical knowledge and professional skill, and the lack of them in the practitioner will result in material damage to one who employs him, it is a legitimate exercise of police power to prohibit any one from engaging in the calling who has not previously been examined by the lawfully constituted authority and received a certificate in testimony of his qualification to practice the profession. The right of the State to exercise this control over the skilled trades and the learned professions, with a single exception in respect to teachers and expounders of religion, has never been seriously questioned.' "

The practice of podiatry certainly requires a certain amount of technical knowledge and professional skill, and therefore falls within the professions for which the Legislature may properly prescribe the qualifications of those seeking to practice the profession.

In speaking of the power of the Legislature, the court in *Wilkins* v. *The State, supra,* at p. 516, said:

"As it has plenary power over the whole subject, it alone must be the judge of what is wise and expedient, both as to the qualifications required and as to the method of ascertaining those qualifications."

From the above we conclude that the second proviso in section 3 of ch. 8, Acts 1925, is null and void and

inoperative. At the time the act became effective, to-wit April 25, 1925, the time to file applications for a license without examination had passed. This proviso should be deleted from the act. But the rest of the act is not affected by this deletion, and is sensible and can be enforced against all alike.

The brief of the *amicus curiae* presents additional reasons why said act in its entirety should be declared unconstitutional, but such reasons are not supported by the evidence in the record, and were not raised by appellee or appellant. Therefore, they present no questions which this court could properly consider.

Judgment reversed with instructions to the lower court to vacate its judgment and enter judgment sustaining the action of the Indiana State Board of Medical Registration and Examination.

Swaim, J. not participating.

NOTE.—Reported in 37 N. E. (2d) 935.