JONES ET UX. *v.* STAWICKI ET UX.

[No. 28,973.   Filed April 24, 1953.]

For opinion on merits, see 124 Ind. App. 218.

*Albert L. Doyle,* of Mishawaka, for appellants.

*Roland Obenchain, Jr.,* and *Jones, Obenchain & Butler,* all of South Bend, for appellees.

ORDER

Pursuant to the provisions of §4-214 and §4-217, Burns' 1946 Replacement, and a per curiam opinion filed herewith, this appeal is transferred to the Appellate Court of Indiana.

Dated this 24th day of April, 1953.

JAMES A. EMMERT
Chief Justice.

PER CURIAM—This is an appeal from a judgment for the appellees on their petition to adopt a child whereby the child was adopted as the child and heir of appellees. The appeal was taken to the Appellate Court, but that court, on motion of appellees transferred the cause to this court under Clause 1 of §4-214, Burns' 1946 Replacement.[1] We set the appeal for argument on the merits, but upon questioning of counsel we ascer-

---

1. "All cases in which there is in question, and such question is duly presented, either the validity of a franchise or the validity of an ordinance of a municipal corporation, or the constitutionality of a statute, state or federal, or the rights guaranteed by the state or federal constitution." Clause 1, §4-214, Burns' 1946 Replacement.

tained that the constitutional issue was never raised in the trial court.

It is to be noted that under §4-214, Burns' 1946 Replacement, the constitutional issue must be *"duly presented."* "It is a general rule that objections not presented to the trial court will not be available to reverse its judgment on appeal. It does not appear that the constitutionality of said act was presented to the circuit court. The jurisdiction of this cause is in the Appellate Court." *Ross, Rec.* v. *Terre Haute, etc. Traction Co.* (1930), 202 Ind. 698, 700, 171 N. E. 665. See also *Prunk* v. *Indianapolis Redevelopment Comm.* (1950), 228 Ind. 579, 93 N. E. 2d 171. This holding is not in conflict with *Marion School Twp., etc.* v. *Smith* (1939), 215 Ind. 586, 21 N. E. 2d 412, since from the record in that case and the opinion it is evident that the constitutional issue was presented to the trial court.

This appeal is transferred to the Appellate Court of Indiana as per order filed herewith.

NOTE.—Reported in 111 N. E. 2d 718.