CITY OF INDIANAPOLIS ETC. *v.* WYNN ET AL.

[No. 29,724. Filed April 22, 1959. Rehearing denied June 16, 1959.]

568

*Michael B. Reddington*, Corporation Counsel, *John J. Dillon*, City Attorney and *Marion W. Bell*, Assistant City Attorney, for appellant.

*Lewis E. Marine* and *L. Russell Newgent*, both of Indianapolis, for appellees.

BOBBITT, J.—This action is here because it presents the question of the validity of an Ordinance of the City of Indianapolis, the purpose of which was to annex an area entirely surrounded by such city and known as the Town of Woodruff Place. (Acts 1905, ch. 129, §242, p. 219, being §48-701, Burns' 1950 Replacement.)

On September 9, 1953, the Common Council of appellant City of Indianapolis passed Special Ordinance No. 11,1953 to annex certain territory described therein, and providing that such Ordinance be in full force and effect "from and after its passage, approval by the Mayor, and publication according to law."[1] The Ordinance was signed and approved by the Mayor on

---

1. Acts 1905, ch. 129, §242, p. 219, being §48-701, Burns' 1950 Replacement.

September 10, 1953, and published as required by law on September 15, 1953, and September 22, 1953.

On October 20, 1953, more than 51% of the persons owning property in the civil town of Woodruff Place filed an appeal from such annexation as provided by Acts 1949, ch. 216, §2, p. 701, being §48-702, Burns' 1950 Replacement, the pertinent parts of which are:

> "Whenever such territory is annexed to such city as provided in the foregoing sections, . . . an appeal may be taken from such annexation by one [1] or more persons deeming himself or themselves aggrieved, or injuriously affected, filing their remonstrances in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts of the county where such territory is situated within thirty [30] days after the last publication provided for in the preceding section; such written remonstrance or complaint shall state the reason why such annexation ought not in justice take place. . . . The court shall thereupon proceed to hear and determine such appeal without the intervention of a jury, and shall give judgment upon the question of such annexation according to the evidence which either party may introduce relevant to the issue. . . . If the court shall be satisfied that fifty-one [51] per cent or more of the persons owning property in the territory sought to be annexed, have remonstrated, then such annexation shall not take place, unless the court shall find from the evidence that the prosperity of such city and territory will be materially retarded and the safety of the inhabitants and property thereof endangered without such annexation. In case the court shall so find, the annexation shall take place, notwithstanding the remonstrance. . . . Pending such appeal, and during the time within which such appeal may be taken, such territory sought to be annexed shall not be deemed a part of the annexing city."

Thereafter, on November 7, 1956, defendant-appellant filed its answer as by such statute provided.

On June 11, 1958, petitioners-appellees filed a further pleading entitled "Supplemental Petition for Declaratory Judgment and Permanent Injunction," which alleged, *inter alia,* that defendant (appellant) "is proceeding and will attempt to proceed to sustain the annexation of the civil town of Woodruff Place by its ordinance . . . adopted pursuant to said Indiana Statutes 48-701 and 48-702, . . . unless restrained . . . from so doing." And, further alleging "That since the adoption date of the ordinance [No. 11,1953] set out herein by defendant, annexing the civil town of Woodruff Place, and since the filing in this Court of the Remonstrance and Appeal from said annexation, the Legislature of Indiana on March 11, 1955, enacted an amendment to the Statutes of Indiana relating to annexation, and therein specifically provided that no incorporated town or city, regardless of population, shall be annexed under any of the provisions of Sections 242, 242a and 243 of the Acts of 1905, . . ."; that such amendment was adopted without any "saving clause"; and that after the adoption of such amendment, such Annexation Ordinance "became and is null and void and without any force and effect," because no referendum has been held as provided by the 1955 amendment. The prayer asked a determination of the legal effect of the 1955 amendment, and that appellant be enjoined from proceeding further in its "attempt to annex the town of Woodruff Place."

Appellant filed answer to appellees' supplemental petition asserting, *inter alia,* that the annexation of the Town of Woodruff Place was accomplished and completed by the enactment of Special Ordinance No. 11,1953, *supra,* subject only to review by the court as provided by §48-702, Burns' 1950 Replacement, *supra.*

The trial court, on July 3, 1958, entered judgment on

the pleadings (petitioners' supplemental petition and defendant's answer thereto) declaring Special Ordinance No. 11,1953, *supra,* "null and void and of no legal effect, by reason of the amendment of Section 244 of the Acts of 1905." (See: Acts 1955, ch. 269, §4, p. 720, being §48-703, Burns' 1957 Cum. Supp.), and enjoined appellant from proceeding further in the annexation of Woodruff Place. From such judgment this appeal is prosecuted.

We proceed to determine the questions presented by remonstrators-appellees' supplemental petition and defendant-appellant's answer thereto without regard to certain procedural questions which are properly presented by appellant.

*First:* What is the status of Special Ordinance No. 11,1953, *supra?*

The effect of the trial court's judgment is to make the proviso in §4 of ch. 269 of the Acts of 1955, being §48-703, Burns' 1957 Cum. Supp., *supra,* retroactive. Such proviso is as follows:

> "Provided, however, That no incorporated city or town regardless of population shall be annexed under any of the provisions of sections 242, 242a and 243 [§§48-701, 48-701a, 48-702] of this act but shall only take place in accordance with the provisions of section 241 [§48-601] of this act."

The annexation proceeding herein was had under §242 of the 1905 Annexation Act, being §48-701, Burns' 1950 Replacement, *supra.*

Annexation is a legislative function and does not become a judicial question except on review as provided by statute. *Vesenmeir et al.* v. *City of Aurora, etc.* (1953), 232 Ind. 628, 634, 115 N. E. 2d 734; *Mahuron* v. *City of Salem* (1950), 120

Ind. App. 247, 251, 91 N. E. 2d 648; Rhyne, Municipal Law, §§2-32, 2-33, pp. 30, 31.

Acts 1905, ch. 129, §242, p. 219, being §48-701, Burns' 1950 Replacement, *supra*, authorizes and empowers the Common Council of the city to "annex contiguous territory, whether platted or not, to such city, and a certified copy of such ordinances shall be conclusive evidence in any proceeding that the territory therein described was properly annexed and constitutes a part of such city, except as provided in the next section."

The Common Council of the City of Indianapolis, acting under the authority of the above statute, annexed the contiguous territory consisting of the Town of Woodruff Place on September 9, 1953, by the enactment of Special Ordinance No. 11,1953. When such Ordinance was signed by the Mayor and published as provided by law, the annexation of the territory (Woodruff Place) described therein was completed, subject only to review by the courts as provided by statute.

Sections 48-701 and 48-702, Burns' 1950 Replacement, *supra,* were then (September 9, 1953) in full force and effect. As was said in *Link* v. *Karb* (1914), 89 Ohio St. 326, 104 N. E. 632, 634, "If the council was . . . authorized to pass this ordinance when it did pass it, if . . . this ordinance were then and there a valid . . . ordinance, requiring only the action of ministerial and executive officers to carry their provisions into full force and effect, it would be idle to say that any subsequent change in the law could affect their validity or render invalid any proceedings of council that were valid at the time such proceedings were held."

It seems to us that the above statement of the Ohio Court expresses the exact rule that must be applied here.

"It is a maxim of the law that statutes must be construed prospectively, unless they plainly import a different intention on the part of the legislature." *Hopkins* v. *Jones* (1864), 22 Ind. 310, 315.

See also: *Lang, Treasurer* v. *Clapp, Administrator* (1885), 103 Ind. 17, 23, 2 N. E. 197; *Chadwick, Treasurer* v. *City of Crawfordsville* (1940), 216 Ind. 399, 413, 414, 24 N. E. 2d 937, 129 A. L. R. 469. Such intention does not appear from the provisions of the Annexation Act of 1955.

This court has specifically held that an Amendatory Act takes effect from its passage and has no retroactive effect unless otherwise expressly provided therein. *State, ex rel. Taylor et al.* v. *Mount, et al.* (1898), 151 Ind. 679, 693, 51 N. E. 417.

See also: *Schock et al.* v. *Chappell* (1952), 231 Ind. 480, 486, 109 N. E. 2d 423.

The annexation of contiguous territory is a substantive right conferred upon cities by §242 of ch. 129 of the Acts of 1905, and the Common Council of Indianapolis could lawfully exercise that right, within the limitations of the statute so long as it remained in force.

In the case at bar the legislative branch of the city (Common Council) had exercised such right and had fully completed its work of annexation. All Ordinances and proceedings necessary were fully enacted and completed on September 10, 1953. All steps and acts required under §242 of ch. 129, *supra*, had been taken and completed when the Ordinance was signed by the Mayor, except certain purely ministerial duties of the

city clerk which consisted of publication of the Ordinance and in making the proper record of the annexation. The city clerk was prohibited from completing these duties by the filing of the remonstrance by appellees herein. The filing of such remonstrance could not, per se, defeat the purpose and action of the legislative body of the City of Indianapolis, which had been taken and consummated under a valid existing statute.

The only result of appellees' remonstrance was (1) to abate the culmination of the annexation pending a review by the courts; and (2) to place upon appellant city the burden of sustaining the annexation in the courts as provided by statute. *Vesenmeir et al.* v. *City of Aurora, etc., supra,* (1953), 232 Ind. 628, 631, 115 N. E. 2d 734.

Section 4 of ch. 269, Acts 1955, being §48-703, Burns' 1957 Cum. Supp., *supra,* is not an amendment to §242 of ch. 129 of the Acts of 1905, being §48-701, Burns' 1950 Replacement, *supra,* but to §244 of ch. 129 of Acts of 1905, as amended, and hence must be considered here under the rules pertaining to repealing statutes and treated as such, rather than as an Amendatory Act because the provision of §4 of ch. 269, *supra,* which prohibits the annexation of any incorporated city or town, regardless of population, under any of the provisions of "sections 242, 242a and 243" of the 1905 Annexation Act, or Amendatory Acts thereto, repeals the provisions in §§242 and 244, as amended, that authorize the annexation of any city or town with a population of less than 1700.

It has been generally held that an Act repealing the authority of a municipality to issue bonds does not prohibit the consummation of an issue of bonds, authorized under a law in force prior to the effective date of such repeal, where all steps required by the authority

have been taken before the repeal of the statute granting such authority. *Murray* v. *Tyndall* (1945), 223 Ind. 641, 63 N. E. 2d 703; *Love* v. *Mayor and Board of Aldermen of Yazoo City* (1933), 166 Miss. 322, 148 So. 382, 383; *In re: Application of State to Issue Bonds* (1913), 40 Okla. 145, 136 Pac. 1104, 1107, Ann. Cas. 1916 E. 399; *Link* v. *Karb, supra* (1914), 89 Ohio St. 326, 104 N. E. 632; *State ex rel. Johnson* v. *Chandler* (1922), 105 Ohio St. 499, 138 N. E. 67, 69; *Aydelett* v. *Town of South Louisville* (1894), 16 Ky. L. Rep. 166, 26 S. W. 717; *Ludlow* v. *Bd. of Education, etc.* (1895), 16 Ky. L. Rep. 805, 29 S. W. 854; *Common Council* v. *Engel* (1919), 207 Mich. 106, 173 N. W. 547; *Harvey* v. *Clark* (1934), 147 Ore. 179, 32 P. 2d 591, 592.

It seems to us that the circumstances surrounding the annexation ordinance in the present case are analogous to the situation pertaining to municipal bonds, as above described, and the rule there stated is directly applicable here.

The annexation herein having been completed insofar as the legislative functions are concerned, Special Ordinance No. 11, 1953, *supra,* is valid, and such annexation will be consummated under its terms and conditions unless set aside by the courts as provided by statute.

Acts 1955, ch. 269, §4, p. 720, being §48-703, Burns' 1957 Cum. Supp., *supra,* speaks only of the time it became effective and did not affect the annexation herein which, as hereinabove stated, was done under a statute that was valid and in full force and effect at the time Special Ordinance No. 11, 1953, *supra,* was enacted and signed by the Mayor.

See: *Murray* v. *Tyndall, supra* (1945), 223 Ind. 641, 63 N. E. 2d 703.

Appellant's right to annex the Town of Woodruff Place and appellees' right to file a remonstrance thereto, are secured by the statute which was in force at the time the Annexation Ordinance was enacted and appellees' remonstrance was filed in the Superior Court of Marion County.

*Second*: Having determined that the Ordinance is valid, we must now consider the further procedure to be followed in this case when it is remanded to the trial court.

No hearing has been had on the remonstrance.

Acts 1949, ch. 216, §2, p. 701, being §48-702, Burns' 1950 Replacement, *supra,* prescribed the procedure for contesting the validity of an Annexation Ordinance and provided that when 51% or more of the persons owning property in the territory sought to be annexed remonstrated "then such annexation shall not take place, unless the court shall find from the evidence that the prosperity of such city and territory will be materially retarded and the safety of the inhabitants and property thereof endangered without such annexation." This section was amended by Acts 1955, ch. 269, §3, p. 720, being §48-702, Burns' 1957 Cum. Supp., *supra.* The latter Act provides that in determining an appeal in an annexation proceeding,

" . . . evidence demonstrating the presence of the following conditions shall be considered the primary determinants of the annexation's merit:

"(a) The annexation is in the best interests of the city and of the territory sought to be annexed.

"(b) The area is urban in character, being an economic and social part of the annexing city.

"(c) The terms and conditions set forth in the ordinance are fair and just.

"(d) The city is financially able to provide mu-

nicipal services to the annexed area within the reasonably near future.

"(e) The area sought to be annexed, if undeveloped, is needed for development of the city in the reasonably near future.

"(f) The lines of the annexation are so drawn as to form a compact area abutting the municipality."

For the purposes of this opinion the requirements in §3 of ch. 269, *supra,* fall within the category of procedural rules[2] and supersede those requirements necessary to be shown under the provision of the 1949 Acts, *supra.* This being true, the trial court cannot now proceed under the amended (1949) statute to determine whether the annexation should be permitted because pending litigation was not saved by a proper clause in the conflicting Amendatory Act. *Taylor* v. *Strayer* (1906), 167 Ind. 23, 28, 78 N. E. 236, 119 Am. St. Rep. 469; *Hunt and Wife* v. *Jennings* (1839), 5 Blackf. 195, 196, 33 Am. Dec. 465.

While the amended statute (Acts 1949, ch. 216, §2, p. 701, being §48-702, Burns' 1950 Replacement, *supra)* governs any substantive rights of appellant and appellees which might have accrued thereunder before its amendment, the amendatory statute (Acts 1955, ch. 269, §3, p. 720, being §48-702, Burns' 1957 Cum. Supp., *supra)* governs future proceedings unless specifically provided otherwise therein. *State, ex rel. Taylor et al.* v. *Mount et al., supra* (1898), 151 Ind. 679, 693, 51 N. E. 417; 82 C. J. S., Statutes, §422, p. 998.

Under circumstances such as those existing in this case, where §3 of ch. 269 of the Acts of 1955, is a sub-

2. *State ex rel. Blood* v. *Gibson Cir. Ct.* (1959), 239 Ind. 394 —157 N. E. 2d 475.

stantial re-enactment of §2 of ch. 216 of the Acts of 1949, but changes the method of procedure and elements of proof necessary to sustain an annexation ordinance, and does not change the tribunal or the basis of any right, it must be presumed that the Legislature intended that proceedings instituted under the amended Act (1949) should be continued to completion under the method of procedure prescribed by the new Act (Amendatory Act of 1955). *Mayne* v. *The Board of Commissioners of Huntington County* (1890), 123 Ind. 132, 134, 135, 24 N. E. 80; *Hine* v. *Wright* (1942), 110 Ind. App. 385, 395, 36 N. E. 2d 972; *Kingan & Co. Ltd.* v. *Ossam* (1921), 75 Ind. App. 548, 554, 121 N. E. 289.

Any provisions added by the amendment that affect procedural rights—legal remedies—apply to all cases pending at the time of its enactment. 1 Sutherland Statutory Construction (Horack), 3d Ed., §1936, p. 436.

For the foregoing reasons the judgment of the trial court herein is contrary to law, and must be reversed for further proceedings in accordance with this opinion.

Judgment reversed with instructions to the trial court to proceed to hear appellees' remonstrance to such annexation pursuant to Acts of 1955, ch. 269, §3, being §48-702, Burns' 1957 Cum. Supp., *supra.*

Landis, C. J., Arterburn and Jackson, JJ., concur.

Achor, J., dissents with opinion.

### DISSENTING OPINION

ACHOR, J.—The majority opinion correctly decides, first, that the annexation of the area in question was completed by the Common Council of Indianapolis under Acts 1905, ch. 129, §242, p. 219, and, secondly, that the residents of said area had the right to contest

such annexation. However, I do not concur in that part of the opinion which holds that the right of the residents of the area to contest the annexation is now controlled by the Amendatory Act of 1955, ch. 269, §4, p. 720 [§48-703, Burns' 1950 Repl. (1957 Supp.)].

Under the 1905 Act the right of annexation was made conditional upon the right to resist such annexation on the basis of *specified standards* stated as part of that act. Thus the right to resist annexation was a substantive right of equal force to the right of annexation itself. For this reason the right to contest the annexation under the 1905 statute was not merely a procedural matter relating to the mode, time and manner of contesting the annexation, it related to the *right of annexation* itself. Therefore, the cases involving the construction of amendatory, remedial or procedural statutes are not controlling. See 82 C. J. S., §421, p. 996.

The general rule regarding the retrospective effect of amendatory statutes has been stated as follows:

> "Retroactive legislation changing rights is not favored, and the rule that statutes are not to be construed retrospectively unless such construction was plainly intended by the legislature applies with peculiar force. Hence, in so far as affecting vested rights, a statute will be construed as prospective only, and not as operating retrospectively or retroactively, unless that intention is made manifest either by express words or by a clear, distinct, necessary, plain, strong, or unmistakable, implication. . . ." 82 C. J. S., §417, pp. 994-995.

For these reasons, I am of the opinion that the appellees, having undertaken to resist the annexation under the act which authorized such annexation, are entitled to continue the prosecution of their action on the basis of the standards provided in the 1905 Act which authorized the annexation.

ON PETITION FOR REHEARING

BOBBITT, J.—Michael L. Fansler, a distinguished former member of this court, and Gustav H. Dongus, both members of the Indianapolis Bar, have filed a brief as *amici curiae* on rehearing in which they assert that both the 1955 Act,[1] and the 1949 Act[2] are unconstitutional insofar as they attempt to vest the trial court with jurisdiction to determine whether the annexation is in the best interests of the city.

> *Amicus curiae* must accept a case as he finds it. 3 C. J. S., Amicus Curiae, §3(c), p. 1049.

The question which *amici curiae* seek to present here was not raised by either the appellees or the appellant; therefore, no question is presented which this court can properly consider. *Indiana State Board of Medical Reg.* v. *Seulean* (1942), 219 Ind. 321, 328, 37 N. E. 2d 935.

It has been uniformly held in Indiana that a constitutional question will not be considered on appeal unless it was presented in the trial court. *Jones et ux.* v. *Stawicki et ux.* (1953), 233 Ind. 272, 274, 111 N. E. 2d 718.

Appellees, in a supplemental brief on rehearing, attempt, for the first time, to raise the question of the omission of necessary parties as appellees. This question was not briefed or urged in appellees' brief on appeal, and it cannot be raised for the first time on petition for rehearing. *Armstrong* v. *Hufty* (1901), 156 Ind. 606, 630, 631, 60 N. E. 1080; *Pittsburgh, etc., R. Co.* v. *Lightheiser* (1907), 168 Ind. 438, 467, 78 N. E. 1033.

---

1. Acts 1955, ch. 269, §3, p. 720, being §48-702, Burns' 1957 Cum. Supp.
2. Acts 1949, ch. 216, §2, p. 701, being §48-702, Burns' 1950 Replacement.

Even if this question had been properly presented, this court has recently held in *King, et al.,* v. *City of Bloomington* (1959), 239 Ind. 548, 159 N. E. 2d 563, that:

> "If there was any defect in the parties named in the complaint in the court below, it should have been properly raised there.
>
> ". . . it is too late here [on appeal] for the appellee to raise any question as to a defect or failure to properly name parties in the assignment of errors, which could have been called to the attention of the parties in the trial court below, as revealed by the complaint filed therein."

Appellees' petition for rehearing presents nothing which was not carefully considered in the original opinion and no cause for granting a rehearing has been shown.

Rehearing denied.

Achor, C. J., Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 157 N. E. 2d 828.

Rehearing denied in 159 N. E. 2d 572.