CHARLES R. LEMASTER ET AL. *v.* CITY OF FORT WAYNE.

[No. 1270A278. Filed May 24, 1971.]

*Charles R. LeMaster, Kenneth M. Waterman,* of Fort Wayne, for appellants.

*John M. Clifton, Jr., Barrett, Barrett & McNagny,* and *James R. Arnold, Robert E. Meyers,* of counsel, all of Fort Wayne, for appellees.

SHARP, J.—in this case the Common Council of the City of Fort Wayne, Indiana, passed an annexing ordinance on November 4, 1969, which was approved by the Mayor November 5, 1969. The Appellants, as residents of the area to be annexed, filed a remonstrance against said annexation on December 22, 1969. The trial court denied said remonstrance and this appeal was taken.

The sole question to be decided here is the application of Indiana Acts 1969, ch. 239, §§ 7, 8 and 9, which provides:

"SEC. 7. The repeals consummated by section 8 of this act shall not be construed as affecting any litigation pending at the time this act takes effect nor as an abrogation or impairment of rights, privileges, powers or duties that have vested or may vest on behalf of or against a city or town or any person, firm, association or corporation and each and all of them shall be enforceable to the same effect and subject to the same provisions and limitations as if this act had not become law.

This act does not repeal or modify Chapter 76 of the Acts of 1913 (known as the Public Service Commission Act), as

amended and supplemented and if in any respect there is any inconsistency between that act and this act, the provisions of the Public Service Commission Act, and all acts amendatory thereof or supplemental thereto, shall control.

SEC. 8. All laws and parts of laws in conflict herewith are hereby repealed and laws and parts of law and amendments thereto are hereby specifically repealed as follows: Acts 1901, c. 163; Acts 1905, c. 129, ss. 241, 242, 242a, 243-248, 266-270; Acts 1907, c. 279; Acts 1915, c. 139; Acts 1917, c. 121; Acts 1921, c. 186; Acts 1945, c. 252; Acts 1959, c. 240, ss. 11-17.

SEC. 9. This act shall be in effect on and after January 1, 1970." Indiana Acts 1969, ch. 239, p. 922.

It is conceded by the Appellee City that the evidence submitted in this case would not support all the findings necessary for this annexation under Indiana Acts 1905, ch. 129, § 243, as found in Burns' Indiana Statuted Annotated § 48-702, but would support necessary findings for annexation under Indiana Acts 1969, ch. 239, as found in Burns' Indiana Statutes Annotated § 48-722 (I.C. 18-5-10-25).

At the outset it should be emphasized that the legislation involved in the *City of Indianapolis* v. *Wynn* (1959), 239 Ind. 567, 157 N. E. 2d 828, did not contain a savings clause and therefore the reasoning and result there does not determine this case.

The words of the above quoted sections of Acts 1969, ch. 239, are sufficient to disclose a clear legislative intent that the new and more liberal standards for annexation contained therein should not apply to "any litigation pending at the time this act takes effect." This litigation was certainly pending at the time Acts 1969, ch. 239, took effect.

This case must therefore be reversed and remanded for a determination under Indiana Acts 1905, ch. 129, § 243, as amended and as found in Burns' Indiana Statutes Annotated § 48-702.

Reversed and remanded.

Hoffman, C.J., Staton and White, JJ., concur.

NOTE.—Reported in 269 N. E. 2d 558.